[S. F. No. 16062. In Bank.—June 27, 1938.]

PACIFIC GREYHOUND LINES (a Corporation), Petitioner, v. RAILROAD COMMISSION OF THE STATE OF CALIFORNIA, Respondent.

[S. F. No. 16063. In Bank.—June 27, 1938.]

SOUTHERN PACIFIC COMPANY (a Corporation), Petitioner, v. RAILROAD COMMISSION OF THE STATE OF CALIFORNIA, Respondent.

Brobeck, Phleger & Harrison, H. C. Lucas and Earl A. Bagby for Petitioner in S. F. No. 16062.

Guy V. Shoup, Burton Mason and E. J. Foulds for Petitioner in S. F. No. 16063.

Ira H. Rowell, Roderick B. Cassidy and George E. Howard for Respondent.

Charles H. Woods, Robert Brennan, Gerald E. Duffy, William F. Brooks, George W. Lupton, Jr., Jonathan C. Gibson, Allan P. Matthew and McCutchen, Olney, Mannon & Greene, as *Amici Curiae*, on Behalf of Respondent.

THE COURT.—On October 3, 1935, the Santa Fe Transportation Company, which is wholly owned and controlled by the Atchison, Topeka and Santa Fe Railway Company, filed certain applications with the respondent Railroad Commission wherein it sought, among other things, the issuance of certificates of public convenience and necessity authorizing the establishment of a coordinated and integrated rail and stage service for the transportation of passengers and their baggage, over four definitely described routes, in intrastate commerce. Among other things, the proposed service contemplated a rate structure of one and one-half cents a mile, the fares to be computed on the short-line mileage, rail or stage, with unlimited stop-over privileges and interchangeability of tickets on rail or stage. Following 146 days of hearing, during which 584 witnesses were examined, 855 exhibits were received and 17,205 pages of testimony were adduced, the respondent commission, all of the members concurring, made its order on April 18, 1938, finding and declaring that public convenience and necessity require the establishment of the proposed passenger service over said four routes and ordering the granting to the Santa Fe Transportation Company the necessary certificates of public convenience and necessity essential to the commencement and establishment of such service.

The petitioners, Pacific Greyhound Lines and Southern Pacific Company, acting separately, instituted the above-entitled proceedings to review and annul the order of the respondent commission. Attached to each petition is a copy of the seventy-four page opinion of the respondent commission wherein the great volume of evidence adduced before it is exhaustively and minutely detailed. Many briefs have been filed herein by those interested wherein the asserted merits and demerits of such opinion and the findings therein contained are respectively extolled and condemned.

Our examination of these several documents has satisfied us that the findings of the respondent commission are based upon and supported by substantial evidence, particularly the findings to the effect that "public convenience and necessity require the operation by Santa Fe Transportation Company, in conjunction with The Atchison, Topeka and Santa Fe Railway, of a coordinated and integrated rail and stage service for the transportation of passengers and their baggage in intrastate commerce in California" over designated routes and that "Greyhound cannot render, and Greyhound will not render, all or any part of the service proposed by Santa Fe Transportation Company, in its four applications, to the satisfaction of this Commission". This latter finding makes it unnecessary for us to here concern ourselves with the interpretation of section 50¼ of the Public Utilities Act. The findings of the respondent commission made in the exercise of its constitutional and statutory authority in determining whether public convenience and necessity require the establishment of the proposed service are not subject to judicial review. (*Oro Elec. Corp.* v. *Railroad Com.,* 169 Cal. 466, 471 [147 Pac. 118]; *San Diego & Coronado Ferry Co.* v. *Railroad Com.,* 210 Cal. 504, 510–513 [292 Pac. 640]; *Southern California Edison Co.* v. *Railroad Com.,* 6 Cal. (2d) 737, 748 [59 Pac. (2d) 808].) The commission has made no order directly against the petitioners. However, they claim that they are entitled to protection against competition from another, and that the order of the commission will deprive them of their property without due process of law in violation of their rights guaranteed by the Constitution of the United States. The record presented on these applications is sufficient upon which to conclude that the commission has acted within its power and regularly pursued its authority in making the order complained of.

It follows that the applications filed herein for writs to review and annul the above-mentioned order of the respondent commission, should be, and each is, denied.