[S. F. No. 19337. In Bank. Oct. 21, 1955.]

CARL HERSCHEL BONHAM, Appellant, v. F. BRITTON McCONNELL, as Insurance Commissioner, etc., Respondent.

Keith, Creede & Sedgwick and John S. Howell for Appellant.

Edmund G. Brown, Attorney General, and Harold B. Haas, Deputy Attorney General, for Respondent.

GIBSON, C. J.—The Insurance Commissioner revoked Bonham's licenses to act as insurance broker, insurance agent and life and disability agent upon making 15 findings that Bonham was guilty of misconduct, consisting of wilfully inserting false answers in applications for insurance and knowingly misrepresenting the nature and terms of the policies he was offering. The superior court, after reviewing the record of the administrative proceeding and exercising its independent judgment on the evidence, found that three of the 15 findings were not supported, but it upheld the other 12 and concluded that they were sufficient to sustain the action taken by the commissioner. A writ of mandate to set aside the order of revocation was denied, and Bonham has appealed from the judgment.

There is no claim that the wrongdoing of which the court found Bonham guilty is not established by the evidence or is not sufficient to warrant revocation of his licenses. The sole question is whether the court erred in failing to remand the case to the commissioner for reconsideration of the penalty to be imposed.

Under section 1731 of the Insurance Code, the commissioner has been vested with discretion to revoke or sus-

306

pend licenses. While any action taken by him may, of course, be judicially reviewed to determine whether the charges upon which it is based are supported by the evidence, his decision regarding the appropriate penalty should not be disturbed unless there has been an abuse of discretion. ■ He should not be precluded from exercising his discretion either initially or where, as here, some of his findings of misconduct are upheld on judicial review and others are not. Where some of the findings are not supported by the evidence, it is obvious that his discretion has been exercised under a misconception as to the extent of the licensee's misconduct. If the case is not remanded, the commissioner will not be afforded an opportunity to exercise his discretion in the light of the established facts and thus perform the function entrusted to him by the Legislature. The decisions involving this problem have generally adopted the practice of directing the administrative agency to reconsider the penalty to be imposed. (*Cooper* v. *State Board of Medical Examiners*, 35 Cal.2d 242 [217 P.2d 630, 18 A.L.R.2d 593]; *Nelson* v. *Department of Corrections*, 110 Cal.App.2d 331, 335 [242 P.2d 906]; *Jones* v. *Maloney*, 106 Cal.App.2d 80, 91 [234 P.2d 666]; *cf. Garfield* v. *Board of Medical Examiners*, 99 Cal.App.2d 219, 231-232 [221 P.2d 705].) We are of the view that orderly procedure will be preserved, without working a hardship upon anyone involved, by remanding this type of case to the administrative official who has been empowered to act in matters of discipline so that he may reconsider the penalty to be imposed. The case of *Rinker* v. *State Board of Medical Examiners*, 59 Cal.App.2d 222 [138 P.2d 403], which did not discuss the question now before us, must be disapproved insofar as it is inconsistent with our conclusion.

The judgment is reversed, and the trial court shall enter judgment directing the insurance commissioner to set aside his order of revocation and to determine the penalty to be imposed in the light of the trial court's findings.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.