[Civ. No. 16848. First Dist., Div. One. May 24, 1956.]

DEWEY GRISWOLD et al., Appellants, v. DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL et al., Respondents.

Morris Oppenheim for Appellants.

Edmund G. Brown, Attorney General, and Charles A. Barrett, Deputy Attorney General, for Respondents.

PETERS, P. J.—Dewey Griswold and Fritz Hommen operate a restaurant and bar in Los Altos, Santa Clara, County, and are the possessors of an on-sale general liquor license. They were duly charged with selling liquor to a minor on a specified date, and with permitting the minor to consume the liquor on the licensed premises. After a hear-

ing, the hearing officer acquitted the licensees of the consumption charge, but found that the licensees had furnished whiskey to the minor in violation of the Alcoholic Beverage Control Act, and recommended a 15-day suspension of the license. The Department of Alcoholic Beverage Control adopted the recommendation of the hearing officer, which decision was affirmed by the Alcoholic Beverage Control Appeals Board. On petition for a writ of mandate, the superior court denied the petition. The licensees appeal from that judgment.

The finding that the licensees furnished whiskey to a minor on October 2, 1954, is supported by the evidence.

The minor involved, a student at Stanford Universty, was 20 years and four months of age at the time of the offense. He testified that on the night in question he attended a party at the licensed premises given by his fraternity; that after the meeting he walked up to the bar which was quite crowded; that he called out to the bartender that he wanted a "bourbon on rocks"; that the bartender placed the drink on the bar and a customer picked it up and handed it to him; that he then tossed 50 cents on the bar as the drink was in transit to him; that he then sat down at a nearby table but, before he had started to consume the drink, liquor control officers picked it up and put it in a bottle; that at no time did anyone connected with the licensed premises ask him his age or for identification.

Liquor Control Officer Spitzley testified that he and three other liquor control officers arrived at the licensed premise about 10:20 p. m. of October 2, 1954; that he and another officer entered the restaurant and in a rear room saw "a group of young people sitting at a table with liquor in front of them—apparently liquor"; that he questioned the Stanford student, and, after being first told by the boy that he was 21, finally ascertained from his driver's license that he was 20 years and 4 months old; and that the student stated that he had bought the drink at the front bar. The seized drink was put into a medicine bottle.

Officer Coulman corroborated Spitzley and testified that when he entered the back room he saw the student "with an old fashioned glass which we assumed to contain distilled spirits, in his hand"; that Spitzley then "seized the old fashioned glass which contained distilled spirits."

Neither officer saw the student consume any of the liquor. Neither the bottle nor its contents containing the student's

drink was introduced into evidence. The officers also testified that Cobb, the bartender, did not deny serving the drink to the student, but stated that he could not remember doing so. He admitted that he was the only bartender on duty at the time.

Griswold, one of the licensees, appeared at the hearing in propria persona. He did not deny that liquor had been served to the minor, but testified that the policy of the restaurant was to be careful about serving minors, and that "it was crowded that night," and the student looked "around 25 or 26, and that was one reason . . . a mistake was made, but we try to stay within the law."

The record also shows, and the hearing officer expressly found, that there was no previous record of any violations by the licensees.

The finding that the licensees served liquor to a minor is supported. ██ The findings of the Alcoholic Beverage Control Board, a constitutional agency, must "be sustained if it has committed no error of law and if the evidence, although conflicting, is sufficient to support its findings of fact." (*Covert* v. *State Board of Equalization*, 29 Cal.2d 125, 131 [173 P.2d 545]; see also *Genser* v. *State Personnel Board*, 112 Cal.App.2d 77 [245 P.2d 1090]; *Chosick* v. *Reilly*, 125 Cal.App.2d 334 [270 P.2d 547]; Code Civ. Proc., § 1094.5.)

The major contention of appellants is that there is no substantial evidence to sustain the finding that the beverage served to the student contained distilled spirits, and if there is any such evidence it is hearsay or improper conclusion evidence which should have been excluded by the hearing officer because appellants appeared without counsel, and were entitled to protection. ██ Appellants make much of the fact that, although notified of their right to appear by counsel, they elected to appear in propria persona, and contend that it was the duty of the hearing officer to exclude hearsay or otherwise objectionable evidence even though no objection was made. There was no such duty cast on the hearing officer. ██ Appellants elected to appear in propria persona. By so appearing they were not entitled to any special privileges. If objectionable evidence was offered they were required to object just as if they were represented by counsel. (*People* v. *Collins*, 117 Cal.App.2d 175 [255 P.2d 59].) ██ The hearing officer is not required to assume the duties of counsel for a party appearing in propria persona. ██ The

absence of an objection to proffered testimony, whether the litigant appears in propria persona or by counsel, is a waiver of the objection. ▆ Hearsay, admitted without objection, may, of course, be considered in support of a finding. (*Merchant Shippers Assn.* v. *Kellogg Express & Draying Co.,* 28 Cal.2d 594 [170 P.2d 923].)

The evidence in the present case is that the student ordered "bourbon on rocks"; that in response to this request a drink was delivered to him in an old fashioned glass; that Officer Spitzley saw the student and others seated at a table "with liquor in front of them—apparently liquor"; that Officer Coulman "assumed" that the glass in front of the student contained distilled spirits, and then stated positively that Officer Spitzley seized the glass "which contained distilled spirits." The licensees did not deny that distilled liquor was served the student, but simply urged that an honest "mistake" had been made. Some of this evidence may have been hearsay, and some of it may have been opinion evidence, but no objection was made to it. Officer Coulman's testimony goes beyond hearsay and amounts to a definite assertion that the glass contained distilled spirits. ▆ Moreover, as an expert in that field, he was certainly competent to give his opinion on that subject. It also should be pointed out that the student ordered "bourbon on rocks" which the trier of the fact knew to be a distilled liquor. In response to that request he was served a drink. ▆ Under Penal Code, section 382, appellants would have been guilty of a penal offense if something other than "bourbon on rocks" had been served to the customer. Thus, there was a disputable presumption that the student got what he ordered. ▆ In a liquor case, the presumption that liquor is served when requested is not overcome by the presumption of innocence. (*People* v. *Minter,* 73 Cal.App.2d Supp. 994 [167 P.2d 11]; *People* v. *Agnew,* 16 Cal.2d 655 [107 P.2d 601].) This presumption may support a finding, and it prevails until controverted.

▆ While it would have presented a much stronger case had the officers had the contents of the glass analyzed and introduced expert evidence on the subject, this was not indispensable. Respondents established a prima facie case by the evidence already reviewed. Appellants did not see fit to attack this prima facie case, but simply offered evidence to excuse the violation, and practically conceded that they had

violated the law, claiming inadvertence. Thus, the finding of violation of the statute is supported.

Appellants urge that the penalty—15 days suspension of the license—was excessive and constituted an abuse of discretion. It may be that the penalty is somewhat harsh. The minor was over 20 years of age. The only evidence in the record as to his appearance is that he looked to be 25 or 26. The sole drink served to him was served under circumstances that indicate no conscious intent to violate the law. There is an express finding that there is no record of any prior violations by the licensees. But the degree of penalty is a matter vested in the administrative agency. It can be upset only where an abuse of discretion clearly appears. (*Bonham* v. *McConnell*, 45 Cal.2d 304 [288 P.2d 502].) No such abuse was here present.

The judgment appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.