[Civ. No. 18371.   First Dist., Div. Two.   July 1, 1959.]

ALFONSO ROSALES et al., Appellants, v. DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL, Respondent.

Mauroce H. Hardeman for Appellants.

Stanley Mosk, Attorney General, and Wiley W. Manuel, Deputy Attorney General, for Respondent.

DRAPER, J.—Accusation filed by respondent Department of Alcoholic Beverage Control charged in Count I that the premises operated by petitioners under an on-sale liquor license were a resort for prostitutes, and in Count II that the premises were used as a disorderly house. A hearing officer took evidence, found both charges to be true, and recommended revocation on each of the counts "severally and separately." The department adopted this recommendation as its decision. The Alcoholic Beverage Appeals Board affirmed. The superior court issued alternative writ of mandate but, after hearing, discharged that writ and denied peremptory writ. Petitioners appeal.

Petitioners argue that the Appeals Board is required to weigh the evidence and determine the credibility of witnesses. Impliedly, they argue that a like function is to be performed by this court. The argument is based upon the provisions of Constitution and codes providing for review to determine whether the "findings are supported by substantial evidence in the light of the whole record" (Bus. & Prof. Code, § 23084; Cal. Const., art. XX, § 22; Code Civ. Proc., § 1094.5). Appellants point to construction of comparable statutory language by the United States Supreme Court. (*Universal Camera Corp.* v. *National Labor Relations Board*, 340 U.S. 474 [71 S.Ct. 456, 95 L.Ed. 456].) Any question as to the California rule has been resolved since filing of the briefs in our case. It is now settled that the quoted language signifies "no more than the adoption by the Legislature . . . of the 'substantial evidence' rule as generally applied in judicial proceedings in this state . . ." (*Martin* v. *Alcoholic Beverage etc. Appeals Board*, 52 Cal.2d 238 [340 P.2d 1].)

Examined in the light of this rule, the record made before the hearing officer and reviewed by the superior court reveals substantial evidence to support the finding that appellants permitted their premises to be used as a disorderly house to which people resorted for purposes injurious to the public

morals and health (Bus. & Prof. Code, § 25601). It is unnecessary to recite the evidence in detail. It shows that prostitutes solicited acts of prostitution upon the premises under circumstances clearly supporting the inference that they were knowingly permitted to do so by licensees or their employees; that drinks were served to obviously intoxicated persons; and that lewd and lascivious acts were performed there with the knowledge and cooperation of employees. The evidence thus is ample to sustain the order of revocation as to Count II. (*Swegle* v. *State Board of Equalization*, 125 Cal.App.2d 432 [270 P.2d 518].) It is clear that the department, in revoking the license "on each of Counts I and II severally and separately," considered revocation the proper penalty on either count alone. (*Mast* v. *State Board of Optometry*, 139 Cal.App. 2d 78, 92-93 [293 P.2d 148].) Thus it is unnecessary to consider appellants' attacks upon the sufficiency of the evidence to support the finding as to Count I.

Appellants argue that revocation is an excessive penalty for the violation here established. But the fixing of penalty is vested in the discretion of the department, and its determination will be disturbed only where there is a clear abuse of discretion. (*Martin* v. *Alcoholic Beverage etc. Appeals Board*, 52 Cal.2d 287, 291 [341 P.2d 296]; *Macfarlane* v. *Department of Alcoholic Beverage Control*, 51 Cal.2d 84, 91 [330 P.2d 769].) On the record here, there is nothing to indicate abuse of discretion in the fixing of penalty.

Finally, appellants claim that at the same time revocation of their license was ordered the department found in favor of a nearby licensee upon like charges and comparable evidence. This, they say, requires reversal as to them. Appellants cite no authority for the view that this circumstance, if true, would require reversal in the present case. But even if this were the rule they have not brought themselves within it. The proceedings against the nearby licensee are not before us. The record in our case contains nothing to show what charges were made or what evidence produced in the other case. Thus the claim affords no possible ground for reversal here.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied July 31, 1959, and appellants' petition for a hearing by the Supreme Court was denied August 26, 1959.