[Civ. No. 18599. First Dist., Div. Two. Oct. 6, 1959.]

SIDNEY ADLER, Appellant, v. DEPARTMENT OF ALCO-
HOLIC BEVERAGE CONTROL et al., Respondents.

Smith & Parrish, Smith, Parrish, Paduck & Clancy and
John B. Lewis for Appellant.

Stanley Mosk, Attorney General, and Charles A. Barrett, Deputy Attorney General, for Respondents.

STONE, J. pro tem.*—This is an appeal by Sidney Adler, the licensee, from a judgment of the Superior Court of Alameda County denying his petition for a writ of mandate to set aside a decision of the Department of Alcoholic Beverage Control revoking his license.

The appellant is the operator of The Rose Room, a taxi-dance establishment in Oakland, for which he obtained an on-sale beer license in January of 1954. On January 17, 1956, an accusation in two counts was filed by the department. Count I charged that the licensed premises were used as a disorderly house; Count II charged that the appellant had permitted one Emily Young to solicit customers to purchase alcoholic beverages for her. The hearing officer found that the charges in Count II were not true, but recommended revocation of appellant's license for violation of section 25601 of the Alcoholic Beverage Control Act (Bus. & Prof. Code, §§ 23000-26000) as charged in Count I. The board found that cause for disciplinary action had been established under section 24200, subdivision (b), of the statute.† On November 13, 1956, the department adopted the hearing officer's recommendation and ordered revocation effective January 2, 1957.

The appellant then appealed to the Alcoholic Beverage Control Appeals Board which on July 31, 1957, reversed the revocation on the ground that the evidence did not support the charges of misconduct on the particular dates of November 11, 19 and 25 contained in Count I, and gave the department time to reappraise the penalty in accordance with *Bonham v. McConnell*, 45 Cal.2d 304 [288 P.2d 502]. The department reconsidered its record and on August 29, 1957, issued a new order of revocation.

---

*Assigned by Chairman of Judicial Council.

†Section 24200 provides that a license may be suspended or revoked for a violation of, or the causing or permitting of a violation by a licensee of, any provisions of the Alcoholic Beverage Control Act or any other penal law of the state. Section 25601 provides: ''Every licensee, or agent or employee of a licensee, who keeps, permits to be used, or suffers to be used, in conjunction with a licensed premises, any disorderly house or place in which people abide or to which people resort, to the disturbance of the neighborhood, or in which people abide or to which people resort for purposes which are injurious to the public morals, health, convenience, or safety, is guilty of a misdemeanor.'' The keeping of a disorderly house is also made a misdemeanor by section 316 of the Penal Code.

Appellant again appealed to the Alcoholic Beverage Control Appeals Board which affirmed the order of revocation. Appellant petitioned the superior court to obtain a writ of mandate to set aside the decision of revocation on the ground of insufficiency of the evidence. The superior court issued the alternative writ, but after examining the entire record discharged that writ and denied the peremptory writ.

The issues on appeal are: (1) whether there is substantial evidence to support the department's findings; and (2) whether the department abused its discretion in imposing the penalty of revocation.

The procedure followed by the Department of Alcoholic Beverage Control in this matter was approved by the Supreme Court in *Martin* v. *Alcoholic Beverage Control Appeals Board,* 52 Cal.2d 238 [340 P.2d 1]. This case also makes it clear that the sole province of this court is to determine whether there is substantial evidence to support the findings of the board. (See also *Rosales* v. *Department of Alcoholic Beverage Control,* 171 Cal.App.2d 624, 625 [341 P.2d 366].)

A detailed narration of the evidence, which appellant argues does not support the findings of the Department of Alcoholic Beverage Control, would serve no useful purpose. Concisely stated, the pertinent testimony in support of the findings discloses that one taxi dancer rubbed her hands against the leg of a witness and then "touching him in the pubic area" asked him to go home with her saying "you can have ham and eggs or anything else you would like." Another girl demonstrated her "peek-a-boo" dress by exposing her breasts to a customer who happened to be an agent of respondent board. On another occasion, the same taxi dancer illustrated the punch line of a story she was telling by pulling the upper part of her dress away from her body displaying her bosom. There was also evidence that sexually suggestive dancing occurred as charged. The evidence is substantial in character and supports the finding of the board that the licensed premises were permitted to be used for purposes injurious to public morals.

Appellant introduced evidence which was contrary to that introduced on behalf of the board. However, it is well settled that this court will not undertake an evaluation of the conflicting evidence. Rather, the conflict must be resolved in favor of the department and all reasonable inferences indulged to support the decision if there is substantial evidence to support it. (*Garcia* v. *Munro,* 161 Cal.App.2d

425 [326 P.2d 894]; *Brice* v. *Department of Alcoholic Beverage Control,* 153 Cal.App.2d 315 [314 P.2d 807]; *Griswold* v. *Department of Alcoholic Beverage Control,* 141 Cal.App.2d 807 [297 P.2d 762].)

Appellant also argues that considering the nature of the violations, the penalty of revocation is so unreasonable that it amounts to an abuse of discretion. Appellant's argument is best answered by the following language used by the Supreme Court in *Martin* v. *Alcoholic Beverage Control Appeals Board,* 52 Cal.2d 287, p. 294 [341 P.2d 296]:

". . . The most that can be said is that reasonable minds might differ as to the propriety of the penalty imposed, but this fact serves only to fortify the conclusion that the Department acted within the broad area of discretion conferred upon it. (Const., art XX, § 22; *Martin* v. *Alcoholic Beverage Control Appeals Board,* Sac. 7040, *supra, ante* [52 Cal.2d], page 238 [340 P.2d 1].)" (See also *Rosales* v. *Department of Alcoholic Beverage Control, supra; Macfarlane* v. *Department of Alcoholic Beverage Control,* 51 Cal.2d 84, p. 91 [330 P.2d 769].) We find no abuse of discretion.

The judgment is affirmed.

Dooling, Acting P. J., and Draper, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 2, 1959.