[Civ. No. 9881. Third Dist. Jan. 19, 1961.]

HARMON E. BATSON, Appellant, v. STATE PERSONNEL BOARD et al., Respondents.

Carter & LaCoste for Appellant.

Stanley Mosk, Attorney General, and John Fourt, Deputy Attorney General, for Respondents.

SCHOTTKY, J.—Harmon E. Batson has appealed from a judgment of the superior court denying his petition for a writ of mandate which was sought to review a decision of the State Personnel Board discharging him from his civil service position as "Laundry Supervisor II" with the Department of Mental Hygiene.

On September 18, 1956, Batson was suspended from his civil service position. A notice of punitive action signed by Walter Rapaport, the Director of Mental Hygiene, was served on Batson on October 1, 1956. It informed him that he was discharged from his civil service position. Batson appealed the decision and requested a hearing before the State Personnel Board. On November 28, 1956, an amended notice of

punitive action was served on Batson. This amended notice alleged seven incidents not set forth in the original notice upon which the causes for discipline were based. Batson asked and was given until January 21, 1957, to prepare his defense. The matter was called for hearing on January 21, 1957, and after some preliminary matters, a second amended notice of punitive action was served on Batson. This notice was signed by William M. O'Brien, Superintendent and Medical Director of Modesto State Hospital. This second amended notice of punitive action charged Batson with:

B. Striking patients Sanders and Pearlmen without just cause or excuse on July 14, 1955.

C. On April 28, 1955, twisting the arm of and choking a patient, Fred Fox, without just cause or excuse.

D. Offering an employee, Mary Jane Campbell, money and sheets belonging to the state if she would engage in sexual intercourse with him.

E. Soliciting Marie Henriques.

F. Soliciting Lucille Amaral.

G. Shouting in anger at and using profane language upon hospital patients and subordinate employees assigned to work in the laundry. (An incident was charged as to Mary Jane Campbell, Eva Shafer, Ula Day and Hildred Foster, all employees, Tommy Winfrey, a patient, and Marie Henriques, an employee.)

During the course of the hearing the date of the charge concerning the solicitation of Mary Jane Campbell was changed from June, July and August 1954, to March and April 1954. The incident based on the fact that Batson yelled at Eva Shafer was changed from July and August 1955, to January 1955. At the conclusion of the hearing the hearing officer rendered a proposed decision which was adopted by the State Personnel Board. The decision sustained the decision of the appointing power discharging Batson from his civil service position.

At the time of the incidents the rules and regulations of the Department of Mental Hygiene provided:

Rule 80. Discrimination. All candidates for employment and all employees are to be given fair and courteous treatment. Their qualifications are to be considered solely in terms of the requirements of the positions involved.

Rule 84. Employee Treatment of Patients. No employee shall strike, abuse, or mistreat a patient. No abusive language

of any kind shall be used. The use of physical strength to secure the cooperation of the patients is to be undertaken only to the extent necessary to insure the safety and comfort of the patients. Sufficient assistance should be had from other employees so that injury to patients and employees can be avoided. Any employee violating this rule shall be subject to disciplinary action.

 Appellant was accused of, and there was evidence in the record, that he shouted at and struck two patients in the face with his open hand.

Appellant also was charged with choking a patient, Fred Fox, and there was testimony to support the charge and the finding.

Appellant was charged with and there was evidence that he called a patient, Tommy Winfrey, "You smart black-bastard nigger," after Tommy placed a bakery pan on a table in such a manner that it appeared to scratch the surface of the table. It was also found that such conduct would be likely to have a deleterious effect on the patient.

Clearly the evidence supports each of the above findings. Each violated rule 84 and severally was a cause for disciplinary action under section 19572 of the Government Code. Each supported a finding of incompetency and discourteous treatment of the public within the meaning of subdivisions (b) and (n) of the section.

The hearing officer also found, and the record supports the finding, that during March and April 1954, appellant solicited an employee, Mary Campbell, to have an act of sexual intercourse with him.

The hearing officer found and the record supports the finding that in June 1954, appellant solicited Marie Henriques to have an act of sexual intercourse with him.

The hearing officer found that during the period of January to August 1956, appellant offered an employee, Lucille Amaral, pink bedspreads if she would meet him at the linen exchange building. Appellant did not specify the purpose of such meeting, but Lucille Amaral understood it to be an invitation to engage in sexual intercourse.

The hearing officer found that appellant verbally abused Mary Jane Campbell, which abuse caused her to become emotionally upset.

Findings were also made that appellant verbally abused an Ula Day and an Eva Shafer, and that the abuse caused each of them to become emotionally upset.

A finding was made that appellant said to an employee that, "Son of a bitch patients have no feelings"; that he twisted the head of a patient assigned to work in the laundry; and that the patient's head "was not screwed on his body."

A finding was made that appellant spoke to an employee, Eva Shafer, in an angry manner and told her she should keep her "God damn nose out of my business" and referred to her as a trouble maker.

The acts involving the discourteous treatment of employees were found to violate subdivision (n) of section 19572, which provides that discourteous treatment of employees is a cause for discipline.

The decision stated that each cause for which punitive action was imposed and found to be sustained by the evidence was separately and severally sufficient to support the punitive action taken.

Appellant's first contention is that the evidence is insufficient to sustain the findings and decision, and appellant makes an able and earnest argument in an effort to prove this contention. If the findings and decision had been in favor of appellant, his argument would be very helpful in pointing out evidence in support thereof; but in the face of the adverse findings and decision of respondent board the testimony pointed out and relied upon by appellant merely serves to accentuate the conflict in the testimony. ▉ The factual determinations of a statewide administrative agency such as the State Personnel Board which derives adjudicative power from the Constitution must be upheld if supported by substantial evidence. (*Shepherd* v. *State Personnel Board,* 48 Cal.2d 41 [307 P.2d 4].) ▉ We are satisfied that the findings of respondent board are amply supported by substantial evidence.

Appellant also claims the penalty is excessive, arbitrary and unreasonable. ▉ The determination of the penalty to be imposed by an administrative agency lies with the agency and not with a court. (*Black* v. *State Personnel Board,* 136 Cal.App.2d 904, 912 [289 P.2d 863].) ▉ In view of the evidence in the record, we cannot hold that the board abused its discretion in determining that appellant should be discharged from his civil service position. The people of California adopted the civil service constitutional amendment in order to secure a high standard of public service and a high standard of conduct in public service. The State Civil Service Act was enacted to implement and carry out the high purposes of the constitutional amendment and the

act. The act states that every state employee "shall prove himself in his behavior inside and outside the service worthy of the esteem which his office or position requires."

Appellant also contends that the notice of punitive action under which the hearing was had was not signed by the appointing power as required by section 19575.5 of the Government Code. This section states the appointing power may with the consent of the Personnel Board serve on the employee and file with the board an amended or supplemental notice of punitive action. Section 19574 of the Government Code provides that the appointing power, or any person authorized by him, may take punitive action against an employee. The amended notice of punitive action was signed by Dr. O'Brien, the Superintendent and Medical Director of Modesto State Hospital. "Appointing power" means a person having authority to make appointments to positions in the State Civil Service. (Gov. Code, § 18524.) Section 6558 of the Welfare and Institutions Code provides that subject to the approval of the Department of Institutions (this is the Department of Mental Hygiene, see Welf. & Inst. Code, § 151.5) the medical superintendent of each hospital shall appoint such employees as he deems necessary. Respondent claims that this section makes Dr. O'Brien the appointing power.

We believe that it is a reasonable construction of section 19575.5 of the Government Code that the Superintendent and Medical Director of Modesto State Hospital had authority to file and serve the amended notice of punitive action, but if such construction is not a reasonable one, we believe respondent is entitled to the presumption that Dr. Rapaport, the Director of the Department of Mental Hygiene, authorized Dr. O'Brien to sign the notice. Subdivision 15 of section 1963 of the Code of Civil Procedure provides that it is presumed "[t]hat official duty has been regularly performed." As stated in *Alva* v. *Sequoia Union High School Dist.*, 98 Cal. App.2d 656, at page 661 [220 P.2d 788] : " 'In considering this question the court must take into consideration the presumption that public officials have performed their duties in a regular manner. This presumption is itself a species of evidence, but it may be overcome by contradictory evidence.' "

Appellant makes the further contention that the failure of the hearing officer to grant him a continuance when the second amended notice of punitive action was filed denied him a fair hearing. There is no merit in this contention. The

second amended notice was filed on January 21st. The hearing proceeded on January 22d, 23d and 24th. A continuance was then granted appellant to January 29th. On January 30th a continuance was granted until March 12th. There is no showing as to how appellant was prejudiced because he did not get the immediate continuance. There also is no showing that appellant was not able to properly prepare his defense or that he did not have a fair hearing.

Appellant also contends that if the appointing power had the right to file an amended and supplemental notice of punitive action during the course of the hearing then sections 19574 and 19575.5 of the Government Code are unconstitutional in that they deny the petitioner due notice of the causes and specifications against him in ordinary concise language upon which the alleged causes are based and that they deny him an opportunity to defend against them. There is no merit in this contention.

The only requirement of an amendment would be that it sufficiently inform the employee of the cause for disciplinary action or the facts upon which it is based. The failure of the charge to do so would mean that the statutory requirements were not met and no constitutional question need be considered. The only question presented would be whether the acts alleged which were the basis of punitive action were sufficient to meet the requirements of the statute. We are satisfied that the acts alleged in the amended notice were sufficiently explicit to enable appellant to understand what the charges against him were and that he was given ample time and opportunity to prepare and present his defense to said charges.

No other points raised require discussion.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.