[Civ. No. 10990. Third Dist. Feb. 10, 1965.]

DOROTHY ANNE LORIMORE, Plaintiff and Respondent, v. STATE PERSONNEL BOARD et al., Defendants and Appellants.

Thomas C. Lynch, Attorney General, Willard A. Shank, Assistant Attorney General, and Lloyd Hinkelman, Deputy Attorney General, for Defendants and Appellants.

Walter W. Taylor for Plaintiff and Respondent.

SPARKS, J. pro tem.*—State Personnel Board appeals from a judgment of mandamus granted to respondent Dorothy Anne Lorimore. Respondent had been dismissed from civil service status for alleged disobedience of one of the rules of the Department of Mental Hygiene relating to the treatment of patients. Appeal from the punitive action was taken to the State Personnel Board and a hearing had as required. At the conclusion of the hearing, findings of fact were entered adverse to respondent's contentions and sustaining her dismissal. From this decision and order of the administrative board respondent sought and obtained a judicial review. An alternative writ of mandamus was issued by the superior court, and thereafter judgment was entered which, in effect, nullified the order of the board. This court is now called upon to determine whether or not the trial court erred in its determination that a finding of the board was not supported by substantial evidence.

■ Preliminarily, we recognize that appellant State Personnel Board, hereinafter called board, has been adjudicated a statewide administrative agency endowed by the Constitution with quasi-judicial powers (*Boren* v. *State Personnel Board*, 37 Cal.2d 634 [234 P.2d 981];[1] *Shepherd* v. *State Personnel Board*, 48 Cal.2d 41 [307 P.2d 4]; *Genser* v. *State Personnel Board*, 112 Cal.App.2d 77 [245 P.2d 1090]; *Batson* v. *State Personnel Board*, 188 Cal.App.2d 320 [10 Cal.Rptr. 452]; *Southern Pac. Co.* v. *Public Utilities Com.*, 41 Cal.2d 354, 367 [260 P.2d 7]; *Coborn* v. *Industrial Acc. Com.*, 31 Cal.2d 713, 716-717 [192 P.2d 959]; *Covert* v. *State Board of Equalization*, 29 Cal.2d 125, 131 [173 P.2d 545]; *Pacific Greyhound Lines* v. *Railroad Com.*, 11 Cal.2d 427, 429 [80 P.2d 971]; *Griswold* v. *Department of Alcoholic Beverage Control*, 141 Cal.App.2d 807, 810 [297 P.2d 762]) and as such falls into the omnibus provisions of the subdivision (c) of section 1094.5 of the Code of Civil Procedure.[2] Thus, both by a line of judicial decisions

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

[1]In *Boren* v. *State Personnel Board*, 37 Cal.2d 634 [234 P.2d 981], the constitutional question of separation of powers was overcome on the ground that the authority of statewide administrative agencies to exercise quasi-judicial power emanated from article XXIV, section 3, subdivision (a) of the Constitution.

[2]Subdivision (c) of section 1094.5 of the Code of Civil Procedure (enacted 1945) provides: ''Where it is claimed that the findings are not supported by the evidence, in cases in which the court is authorized by law to exercise its independent judgment on the evidence, abuse of

and subsequent legislative enactment, it is clear that the order of appellant board could have been set aside as arbitrary only had it been found to be unsupported by substantial evidence in light of the whole record. In making its determination on this question the trial court was obligated to confine itself to the record of the administrative proceeding and to refrain from exercising its independent judgment on the weight of the evidence. (*Shepherd* v. *State Personnel Board, supra*; *Genser* v. *State Personnel Board, supra*.)

 It is established that courts generally will defer to the broad discretion vested in administrative agencies when the evidence is conflicting, or even when reasonable men might well differ on questions of the credibility of witnesses, or upon the proper inferences to be drawn from the evidence, subject to the requirements, of course, that the finding be supported by substantial evidence. (*Thompson* v. *City of Long Beach,* 41 Cal.2d 235, 241 [259 P.2d 649] ; *Siller* v. *Board of Supervisors,* 58 Cal.2d 479 [25 Cal.Rptr. 73, 375 P.2d 41] ; *Sultan Turkish Bath, Inc.* v. *Board of Police Comrs.,* 169 Cal.App.2d 188 [337 P.2d 203] ; *Southern Pac. Co.* v. *Public Utilities Com., supra,* 41 Cal.2d 354; *Chenoweth* v. *Office of City Clerk,* 131 Cal.App.2d 498 [280 P.2d 858] ; *Nelson* v. *Department of Corrections,* 110 Cal.App.2d 331 [242 P.2d 906] ; *Genser* v. *State Personnel Board, supra,* 112 Cal.App.2d 77 ; *De Martini* v. *Department of Alcoholic Beverage Control,* 215 Cal.App.2d 787 [30 Cal.Rptr. 668] ; *Kendall* v. *Board of Osteopathic Examiners,* 105 Cal.App.2d 239 [233 P.2d 107].) In fact, the decisions generally have equated the review of administrative determination with the substantial evidence rule applicable to appellate review, i.e., the function of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which supports the conclusion reached, disregarding any evidence in the record contrary to the trier's finding. (*Martin* v. *Alcoholic Beverage etc. Appeals Board,* 52 Cal.2d 238 [340 P.2d 1] ; *Rosales* v. *Department of Alcoholic Beverage Control,* 171 Cal.App.2d 624 [341 P.2d 366] ; *Sultan Turkish Bath, Inc.* v. *Board of Police Comrs., supra*.)

The scope of judicial review of factual questions under the substantial evidence rule is therefore at best circumscribed

discretion is established if the court determines that the findings are not supported by the weight of the evidence; *and in all other cases abuse of discretion is established if the court determines that the findings are not supported by substantial evidence in the light of the whole record.''* (Italics added.)

and confined to a narrow field. Nevertheless, there are instances when reviewing courts, after indulging the broad discretion vested in administrative agencies, will conclude that the findings of fact have not been substantially supported by the evidence and that the conclusions of law drawn therefrom must be found arbitrary. ■ Where findings are devoid of evidentiary support, or are based upon inferences arbitrarily drawn and without reasonable foundation, or are contrary to facts universally accepted as true and judicially known, the administrative order will be reversed as not being supported by substantial evidence in the light of the whole record. (*Coomes* v. *State Personnel Board,* 215 Cal.App.2d 770 [30 Cal.Rptr. 639];[3] *Smith* v. *Board of Police Comrs.,* 1 Cal.App.2d 292 [36 P.2d 670]; *Rogers* v. *Retirement Board,* 109 Cal.App.2d 751 [241 P.2d 611]; *Dufton* v. *Daniels,* 190 Cal. 577 [213 P. 949]; *Southern Pac. Co.* v. *Public Utilities Com., supra,* 41 Cal.2d 354.) It may well be said, however, that such instances mark the exception rather than the rule.

In the case before us a review of the record discloses no circumstances which properly would bring it within the exceptions just described. Respondent was found guilty by the Director of Mental Hygiene of inexcusable neglect of duty and wilful disobedience in violation of section 19572 of the Government Code.[4]

The board in its decision and order found that the acts committed by respondent constituted a violation of rule 84 of the Department of Mental Hygiene and also "wilful disobedience" within the meaning of Government Code section 19572.[5]

---

[3] In *Coomes* v. *State Personnel Board, supra,* this court reversed the action of the State Personnel Board on the ground that evidence which lacks an indispensable element for proof of guilt is not substantial and not sufficient to support the finding of the administrative agency.

[4] Government Code section 19572 read in part at the time this disciplinary proceeding was initiated: "Each of the following constitutes cause for discipline of an employee, or person whose name appears on any employment list:

"(d) Inexcusable neglect of duty.

"(p) Wilful disobedience."

[5] Rule 84 of the Department of Mental Hygiene relates to the treatment of patients by employees, the pertinent parts of which read:

"No employee shall strike, abuse, or inflict cruelty upon any patient. ... The use of physical strength to secure the cooperation of the patients is to be taken only to the extent necessary to insure the safety and comfort of the patients. Sufficient assistance should be had from other employees so that injury to patients and employees can be avoided. Any employee violating this rule shall be subject to disciplinary action."

The finding of fact held by the trial court to be insufficiently supported by the evidence was the following: "[Respondent] was employed in Ward 33 of Fairview State Hospital. Patient No. 300 in said ward was an 18 or 19 year old girl weighing about 120 pounds. Patient No. 300 was very strong and extremely difficult to control when in a disturbed state. On an occasion in January, 1963, when other employees were unsuccessfully attempting to place a restraining device on Patient No. 300, they found it necessary to call on [respondent] to help. [Respondent] succeeded in getting control of the patient partly by grabbing and twisting the exposed breast of Patient No. 300."

At the trial before appellants' hearing officer respondent's position, as expressed by her counsel, was, "Of course our defense is we deny this incident happened, but in the event the court feels it did, then we have the alternative defense that it was reasonable and necessary." Respondent then took the stand and under oath categorically denied the charge. However, before this court the alternative defense is relied upon, namely, that the acts were reasonable and necessary under the circumstances and not violative of said rule 84. The gist of respondent's contentions to this effect are: that she was called to assist in an emergency situation where the patient was engaged in a violent struggle with two employees who, despite their special knowledge and training, were unable to subdue her; that she had no time to reflect or to weigh her acts with all the nice discrimination available to hindsight; that she acted in a direct, effective and harmless manner to gain control of the patient; and that since there was no evidence the act had caused any injury to the patient, it could not constitute abuse or mistreatment as a matter of law.

These contentions are devoid of merit. ▮ The conclusion is inescapable under the substantial evidence rule that the board's decision and order was more than adequately supported by the evidence. There were two eyewitnesses who observed respondent commit the act charged. Both Emily Griffith and Dorothy Cocca, psychiatric technician trainees employed in the same ward with respondent, testified that they observed her grab and twist the exposed breast of patient No. 300. Both witnesses expressed or manifested disgust at the act. The record shows that there was at the time a total of six employees[6] present in the ward. Two of them were

[6]The employees present in the ward at the time of the incident and gathered around patient No. 300, according to the record, were: Mrs.

holding the patient and attempting to restrain her by putting on cuffs and belt. When respondent approached, according to Mrs. Griffith's testimony, the first thing she did was to twist the patient's breast without having attempted any other measures of restraint. The patient weighing approximately 120 pounds was described as solid and a fairly strong girl for her build. With six women employees present and available to restrain the patient, the board's strong disapproval of the method used by respondent to gain control of her, as violative of said rule 84, was not only substantially supported in the light of all the evidence but virtually unassailable.

We are aware that there was a considerable amount of conflicting testimony. Respondent denied that the incident had ever occurred. Marie Fischer, a psychiatric technician, whose testimony apparently related to the event under question, corroborated respondent. There was some evidence of statements allegedly made by Mrs. Griffith inconsistent with her testimony; also there was a possibility of animosity between the two witnesses, Griffith and Cocca, and respondent. However, credibility of witnesses and the proper weight to be given to their testimony were matters within the exclusive province of the board. Its finding that respondent's conduct with the patient in question constituted physical abuse and a flagrant violation of her instructions became conclusive.

In *Coomes* v. *State Personnel Board, supra,* 215 Cal.App. 2d at page 776, Mr. Justice Friedman, speaking for this court, stated: ". . . *Certain kinds of force (striking, abuse, and mistreatment) are unconditionally prohibited.* Outside these positive prohibitions, the permissibility of force is a matter of degree, that is, it must be reasonably adapted to the situation. A person whose duties embroil him in an emergency cannot weigh his acts with all the nice discrimination available to hindsight. There are cases where the exercise of superior force passes by gradations from passive restraint, at one extreme, *to brutality at the other.* There is nothing subtle, however, about the difference between the extremes. It is usually quite apparent." (Italics added.)

Obviously, the Director of Mental Hygiene and the ap-

---

Emily Griffith, Miss Dorothy Cocca, Miss Marie Fischer, two other psychiatric technicians who were holding patient No. 300, but whose names do not appear in the record and who were not called as witnesses, and respondent Lorimore. Although the sex of the two technicians who were holding the patient does not appear in the record, it seems reasonable to assume that they were women.

pellant board found no subtlety in the instant case when they denounced the act of respondent as a flagrant violation of rule 84 justifying dismissal. ██ Rules framed to protect patients in our mental hospitals from abuse or cruel treatment of any type should be studiously obeyed. Restraint in any instance should be exercised in a humane manner, and only, as the rule says, to the extent necessary to insure the safety and comfort of the patients. Resort to the use of any cruel or bizarre application of physical force, the obvious purpose of which is to subdue the patient by the infliction of humiliation or acute pain, must be universally condemned.

The punitive action of dismissal imposed by the Director of Mental Hygiene was predicated not alone upon the charge already considered, but upon another and prior incident involving respondent and the same patient. In the prior charge respondent was accused of striking patient No. 300 with her fist. The trial court upheld the order of the board on this count as having been based on substantial evidence and denied the writ of mandamus as to that count.

In *Genser* v. *State Personnel Board, supra,* 112 Cal.App. 2d 77, this court held that where the evidence sustained charges by the State Personnel Board in one of several counts under which an investigator of the Motor Vehicle Department was found to have violated his duties, *and the board exacts the penalty imposed on each count,* its determination will not be disturbed, notwithstanding some counts are unsupported. From the record before us, it is not conclusive that the rule in *Genser* is applicable to the present case, although there are indications that the punitive sanctions imposed upon respondent may heve been distinct and separate. It has been held proper for a trial court to remand a case to the administrative agency to reconsider the penalty where *one* of several charges of misconduct is reversed. (*Bonham* v. *McConnell,* 45 Cal.2d 304 [288 P.2d 502]; *Byrd* v. *Savage,* 219 Cal.App.2d 396 [32 Cal.Rptr. 881].) In the case at bench the question becomes moot by reason of our conclusion that the trial court erred, in any event, in granting the writ and referring the matter to the administrative board for further consideration on the second charge.

The judgment is reversed, and the trial court is directed to discharge the writ of mandate issued herein and to enter judgment in favor of the State Personnel Board.

Pierce, P. J., and Friedman, J., concurred.