[Civ. No. 14691. Third Dist. Mar. 19, 1975.]

CLEO H. OVERTON, Plaintiff and Appellant, v.
STATE PERSONNEL BOARD et al., Defendants and Respondents.

722

COUNSEL

Loren E. McMaster and Michael D. Stump for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Robert L. Mukai, Deputy Attorney General, for Defendants and Respondents.

## OPINION

**EVANS, J.**—Petitioner appeals following denial by the superior court of her petition for a writ of mandate under section 1094.5 of the Code of Civil Procedure. The petition was filed following action by the State Personnel Board affirming petitioner's dismissal for medical reasons

pursuant to section 19253.5 of the Government Code.[1] Petitioner contends the findings of the State Personnel Board are not supported by substantial evidence and that section 19253.5 of the Government Code is violative of procedural due process as set forth in the Fourteenth Amendment of the United States Constitution and section 13 of article I of the California Constitution.

Petitioner was employed in the license section of the Department of Fish and Game from December 1968 until her termination on February 9, 1973. During the year 1972, petitioner was absent from work approximately 34 percent of the time because of difficulties with her back.

In November 1972, pursuant to the provisions of subdivision (a) of section 19253.5 (fn. 1, below) the department had petitioner examined by a physician. The physician's report was submitted approximately three weeks later. In connection with the examination the department provided the physician with a job description setting forth petitioner's duties in the license section. The department asked the physician for his opinion as to petitioner's capacity to perform her assigned duties without risk of injury or exacerbation of any existing condition, and further asked for specification of any restrictions or limitations which should be observed by petitioner in performing her

---

[1]In relevant part, section 19253.5 of the Government Code provides:

"(a) In accordance with board rule, the appointing power may require an employee to submit to a medical examination by a physician or physicians designated by the appointing power to evaluate the capacity of the employee to perform the work of his position.

"(b) Fees for the examination and for the services of medical specialists or technicians, if necessary, shall be paid by the state agency. The employee may submit medical or other evidence to the examining physician or to the appointing power. The examining physician shall make a written report of the examination to the appointing power. The appointing power shall provide a copy to the physician designated by the employee.

"(c) When the appointing power, after considering the conclusions of the medical examination and other pertinent information, concludes that the employee is unable to perform the work of his present position, but is able to perform the work of another position including one of less than full time, the appointing power may demote or transfer the employee to such a position.

". . . . . . . . . . . . . . . . . .

"(d) When the appointing power after considering the conclusions of the medical examination provided for by this section or medical reports from the employee's physician, and other pertinent information, concludes that the employee is unable to perform the work of his present position, or any other position in the agency, and the employee is not eligible or waives the right to retire for disability and elects to withdraw his retirement contributions or to permit his contributions to remain in the retirement fund with rights to service retirement, the appointing power may terminate the appointment of the employee."

job. Certain limitations were specified which petitioner should observe in performing her duties.

In January 1973 petitioner received written notice of her medical termination to be effective February 9, 1973. She appealed to the State Personnel Board. The hearing officer received evidence consisting of her written job description, a copy of the transmittal from the department to the physician, the report of the physician and the testimony of James Christopher, license officer with the department. On July 11, 1973, the Personnel Board adopted the hearing officer's proposed decision denying petitioner's administrative appeal and sustaining the medical termination. The mandate proceeding followed.

### SUBSTANTIALITY OF THE EVIDENCE

Subdivision (d) of section 19253.5 (fn. 1, *ante* p. 723) provides in relevant part as follows: "When the appointing power after considering the conclusions of the medical examination provided for by this section [subds. (a) and (b)] . . . , and other pertinent information, concludes that the employee is unable to perform the work of his present position, or any other position in the agency, and the employee is not eligible . . . *to retire for disability* . . . , the appointing power may terminate the appointment of the employee." (Italics in original.)

Finding four of the hearing officer's proposed decision, adopted by the board as its finding, provided in part as follows: "The work of appellant's position cannot be performed with reasonable efficiency with the limitation set forth in the examining physician's 'DISCUSSION' *and it does not appear that appellant can perform the duties of any other position within the Department with such limitation."* (Italics ours.)

Our review in a matter of this kind is to determine whether the findings are supported by substantial evidence. (*Shepherd* v. *State Personnel Board* (1957) 48 Cal.2d 41 [307 P.2d 4], *Lorimore* v. *State Personnel Board* (1965) 232 Cal.App.2d 183, 186 [42 Cal.Rptr. 640].) Our function is described in *Blake* v. *State Personnel Board* (1972) 25 Cal.App.3d 541, 551 [102 Cal.Rptr. 50], as follows: " 'Respondent Board is a state-wide administrative agency deriving its adjudicating power from section 3 of article XXIV of the Constitution. Consequently, its factual determinations must be upheld by a reviewing court *if* they are supported by substantial evidence (*Shepherd* v. *State Personnel Board,* 48 Cal.2d 41, 46-47 [307 P.2d 4]) . . . and reasonable inferences must be

drawn in support of such findings [citations]. It is not our function to reweigh the evidence. [Citation.]' " (Italics added.) A review of the record discloses substantial evidence to support the finding that, "[t]he work of . . . [petitioner's] position cannot be performed with reasonable efficiency with the limitations set forth in the examining physician's [report] . . . ."

■ Witness Christopher, the license officer in charge, gave testimony relating to finding number four. That evidence and finding four satisfy subdivision (d) of section 19253.5, "that the employee is unable to perform the work of his present position, . . ." The record discloses no conflict or contradictions to the testimony of the witness, either directly or inferentially.

The department, however, also has the burden of proving the petitioner is "unable to perform the work of . . . any other position in the agency, . . ." (§ 19253.5, subd. (d), *supra.*) In this regard, the court in *Steen* v. *City of Los Angeles* (1948) 31 Cal.2d 542, 547 [190 P.2d 937], stated, "The burden of proving these charges rests upon the appointing power, the one making the charges." To prove the charges, there must be substantial evidence to support the board's ruling. (*Martin* v. *State Personnel Bd.* (1972) 26 Cal.App.3d 573, 583 [103 Cal.Rptr. 306].) Here, the hearing officer made an unsubstantiated finding that, "it does not appear that . . . [petitioner] can perform the duties of any other position within the Department with such limitations" as set forth in the examining physician's report. There was *no* evidence, let alone substantial evidence, that petitioner was unable to perform the work of any other position in the department. Petitioner's supervisor, Mr. Christopher, testified concerning petitioner's ability to perform her duties in the license section of the department. Under cross-examination, he admitted that no effort had been made to ascertain whether there were other positions within the department which petitioner could satisfactorily fill, with the limitations prescribed in the examining physician's report. Such evidentiary deficiency requires that the judgment of the trial court be reversed and the peremptory writ issue. (*California Sch. Employees Assn.* v. *Personnel Commission* (1970) 3 Cal.3d 139, 145 [89 Cal.Rptr. 620, 474 P.2d 436].)

### Constitutionality of Government Code Section 19253.5

Petitioner attacks section 19253.5 as unconstitutional under the due

process clauses of the federal and state Constitutions[2] inasmuch as it purports to authorize medical termination of a permanent civil service employee without a prior hearing. This constitutional question need not be reached since our conclusion on petitioner's first contention is dispositive of the appeal.

The California Supreme Court in *Palermo* v. *Stockton Theatres, Inc.* (1948) 32 Cal.2d 53, 65 [195 P.2d 1], is authority for the well-reasoned principle that issues of constitutionality should not be met unless absolutely necessary: "It has heretofore been considered against the policy of this court (and of courts of last resort generally) to reach out and unnecessarily pronounce upon the constitutionality of any duly enacted statute."

For the reasons previously stated, the judgment is reversed with directions to the superior court to issue the peremptory writ as prayed.

Janes, Acting P. J., and Paras, J., concurred.

---

[2]"[A]rticle 1, section 13 of the California Constitution, which provides that no person shall be deprived of property without due process of law, has been held to be identical in scope and purpose with the due process clause of the federal Constitution." (*Gray* v. *Whitmore* (1971) 17 Cal.App.3d 1, 20 [94 Cal.Rptr. 904].)