[Civ. No. 20719. Third Dist. June 1, 1982.]

KAREN McGANN MARTIN, Plaintiff and Respondent, v. STATE PERSONNEL BOARD, Defendant and Appellant.

COUNSEL

George Deukmejian, Attorney General, and Corinne Lee Murphy, Deputy Attorney General, for Defendant and Appellant.

Turner & Sullivan, Robert J. Sullivan, Ronald S. Erickson and Mary A. O'Gara for Plaintiff and Respondent.

OPINION

**REGAN, J.**—The State Personnel Board (Board) appeals from the judgment (order) issuing a peremptory writ of mandamus setting aside the dismissal of Karen McGann Martin (Martin) from the position of correctional officer. The court determined Board's finding that Martin's

abandonment of her post while fellow officers were conducting a dormitory search placed her fellow officers in danger was not supported by substantial evidence in the record. The court also determined the facts underlying the incidents for which Martin was disciplined do not show the degree of harm to public service, likelihood of recurrence or other aggravating circumstances necessary to support dismissal. The court concluded determining that the dismissal of Martin was an abuse of discretion by Board.

Martin's dismissal under Government Code section 19572 stems from two distinct incidents, one of abandonment of her post and the other of failure to report to work.[1]

## A. *Abandonment of Post*

On September 27, 1978, Martin was employed as a correctional officer at the Sierra Conservation Center in Jamestown. About 7 p.m., Martin was assigned to the upper tier of section C to observe the center's yard area while other officers conducted a dormitory search. While the dormitory search was being conducted Martin left the upper tier of section C to turn in a completed report she had written, obtain a flashlight necessary for a later count and go to the restroom. During the time that Martin was engaged in these activities a dumpster in the yard caught fire and some windows were broken in section B, which consisted of six empty dorms.

Subsequent to the September 27, 1978, incident Martin received a "letter of instruction" regarding the abandonment of her post. A "letter of instruction" is to give the receiver of the letter a clear understanding of what is to be expected of that person and is not a punitive action.

■ Board found that Martin's abandonment of her post placed the officers conducting the dormitory search in danger. The trial court found that there was not substantial evidence to support the finding of Board. On appeal Board contends there was substantial evidence. We agree with the trial court.

The trial court applied the proper standard of review when it applied the substantial evidence test. (*Boren* v. *State Personnel Board* (1951)

---

[1]Government Code section 19572 lists many grounds for punitive action against an employee, among which are inexcusable neglect of duty, inexcusable absence without leave, incompetency, inefficiency, and wilful disobedience.

37 Cal.2d 634 [234 P.2d 981]; *Lorimore v. State Personnel Board* (1965) 232 Cal.App.2d 183 [42 Cal.Rptr. 640]; *Skelly v. State Personnel Bd.* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774].)

Here, there is no evidence to support Board's finding that the officers conducting the search were ever in danger. The search was being conducted in a dormitory in A section while the damage occurred in the yard and in B section. The evidence fails to show that the dumpster fire and window-breaking in B section was in any way related to the dormitory search or Martin's abandonment of the post.

While Martin's actions may have been less than prudent they will not support Board's finding that the officers conducting the search were placed in danger.

B. *Failure to Report to Work*

The second incident involves Martin's failure to report to work on Thanksgiving Day, November 23, 1978.

Martin had planned for several months to be present at her mother's home in San Jose for Thanksgiving. Martin was scheduled to work Thanksgiving Day but entered into a work swap agreement with Officer Watson enabling Martin to be off Thanksgiving Day. About 10 days before Thanksgiving Officer Watson cancelled the work swap agreement with Martin.

Martin subsequently entered into a similar work swap agreement with Officer Newton, a permanent intermittent employee. At the time Martin entered into the work swap agreement with Officer Newton she was not aware that there is a policy prohibiting permanent intermittent employees from entering into a work swap agreement with a correctional officer.

Since all work swaps must be approved by the supervisor in charge of the area Martin submitted the agreement to her supervisor, Sergeant Nelson, the day prior to Thanksgiving. Nelson refused to approve the work swap. Sergeant Grigsby was called by Nelson to explain the policy prohibiting work swaps with permanent intermittent employees to Martin. After being made fully aware of the policy Martin informed Grigs-

by that she would not report to work on Thanksgiving Day. Grigsby instructed Martin that her failure to appear for work would be documented and could result in punitive action including dismissal.

Grigsby called Lieutenant Paris who covered the same areas with Martin. After Paris reaffirmed the policy prohibiting work swaps with permanent intermittents and that failure to appear for work on Thanksgiving Day could result in dismissal, Martin indicated she understood but would not work her scheduled hours on Thanksgiving Day.

Martin did not work her scheduled hours on Thanksgiving Day, and this was the second ground upon which Board based its decision to dismiss her. The trial court, however, concluded that the incidents did "not show the degree of harm to public service, likelihood of recurrence or other aggravating circumstances necessary to support as serious a discipline as dismissal" and that "[i]mposition of such a discipline is an abuse of discretion." The writ issued by the court ordered Board to set aside its decision and to reconsider its action in the light of the court's. opinion and take any further action specifically enjoined upon it by law.

■ Board contends Martin's dismissal was *not* an abuse of discretion. We agree.

The penalty imposed by an administrative body will not be disturbed in mandamus proceedings unless an abuse of discretion is demonstrated. (*Barber* v. *State Personnel Bd.* (1976) 18 Cal.3d 395 [134 Cal.Rptr. 206, 556 P.2d 306].) Neither an appellate court nor a trial court is free to substitute its discretion for that of the administrative agency concerning the degree of punishment imposed. (*Id.*, at p. 404; *Hosford* v. *State Personnel Bd.* (1977) 74 Cal.App.3d 302 [141 Cal.Rptr. 354].)

In determining if the penalty imposed was an abuse of discretion the employee's conduct must be examined to determine the extent of harm to the public service, circumstances surrounding the misconduct and the likelihood of its recurrence. (*Skelly* v. *State Personnel Bd., supra*, 15 Cal.3d at p. 218.)

Martin's failure to report to work on Thanksgiving Day caused the correctional institution to run a position short on a day in which potential problems with inmates tend to run very high. While no problems

with inmates directly resulted from Martin's unexcused absence the harm to public service from Martin's conduct does not end there.

Martin was employed as a correctional officer in a correctional institution in which there is a "strong governmental interest in maintaining high standards of public service and conduct, . . ." (*Barber, supra,* at p. 404.) The institutional setting requires constant supervision, which includes holidays, by dependable personnel. The safety of inmates and personnel alike requires the adherence to rules and orders. Any breach of policies or the refusal to carry out an order by a subordinate would undermine the working of the institution, creating the potential for harm.

Martin's insubordination in *refusing* to work her scheduled hours on Thanksgiving day should not be tolerated. Where the scheduled appearance of an employee is necessary for the safety of persons and public property the punishment of dismissal for refusing to work as scheduled is not an abuse of discretion.

Martin argues the circumstances surrounding the incident and the unlikelihood of recurrence should mitigate the penalty. These contentions are without merit.

Martin had been planning for several months to attend Thanksgiving Day at her mother's home but until two weeks before Thanksgiving she made no attempt to secure the day off. When Martin's second attempt to secure the day off failed, and she was advised that she was required to work her scheduled hours, she refused and did not report for work on Thanksgiving Day. Martin now claims if the same situation were to arise she would work her hours as scheduled. Martin's claim does not outweigh the proven conduct and in any event comes one day too late.

We have concluded that one of Board's findings is *not* supported by the evidence (abandonment of post) while the other finding *is* so supported (failure to report to work). Under these circumstances, Board should not be precluded from exercising its discretion to reconsider the penalty to be imposed, if it be so advised. (See *Bonham* v. *McConnell* (1955) 45 Cal.2d 304 [288 P.2d 502].)

The judgment (order) is reversed. The trial court shall enter judgment directing Board to set aside its order dismissing Martin and to

The judgment (order) is reversed. The trial court shall enter judgment directing Board to set aside its order dismissing Martin and to redetermine the penalty to be imposed in light of the conclusions reached herein.

Puglia, P. J., and Evans, J., concurred.

A petition for a rehearing was denied June 24, 1982.