[Civ. No. 16423. Third Dist. Aug. 16, 1978.]

JEANNE L. SHEEHY, Plaintiff and Appellant, v.
STATE PERSONNEL BOARD, Defendant and Appellant;
JESSE M. UNRUH, as State Treasurer, Real Party in Interest and
Appellant.

**COUNSEL**

Loren E. McMaster and Bernard L. Allamano for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and William J. Power, Deputy Attorney General, for Defendant and Appellant, and for Real Party in Interest and Appellant.

## OPINION

**EVANS, J.**—The State Personnel Board appeals from an order of the superior court ordering the issuance of a peremptory writ of mandate. The writ directs the board to set aside and reconsider its decision refusing to order reinstatement of Jeanne Sheehy, an employee in the State Treasurer's office. Sheehy appeals from that portion of the order of the superior court denying her request for payment of back pay upon her reinstatement.

Jeanne Sheehy had been a civil service employee of the State of California since 1940. Since 1966, she had been an employee in the Treasurer's office serving in a variety of secretarial positions. When former Treasurer, Ivy Baker Priest, assumed office, Sheehy was classified as a secretary II. Her duties in that capacity included supervising Priest's immediate secretaries, scheduling Priest's appointments, and traveling with the Treasurer on occasion. In 1967, Sheehy was appointed to the position of administrative assistant I; her duties in that capacity remained the same as they had been as a secretary II with the exception that her travel requirements increased.

In 1974, because of personal problems, Priest was seldom in her office and as a result, Sheehy's relative importance to the Treasurer increased. She was the only person in the office except for the chief deputy treasurer who had any regular contact with Priest, and at the administrative hearing conducted by the board, Sheehy described herself as "superstar" within the Treasurer's office. She was required to make speeches for the Treasurer when Priest was unavailable, and during the Treasurer's absence from office, she assumed full responsibility for its operation.

In early 1974, Priest promoted Sheehy to a newly established position of administrative assistant II. However, because of Priest's attempt to have the probationary period waived, there was a delay in processing the appointment by the State Personnel Board. As a result, Sheehy did not undertake the position of administrative assistant II until November 1974; at that time Sheehy accepted the appointment, but objected to the imposition of probationary status.

In November 1974, Jesse Unruh was elected Treasurer. Following his election he conferred with various department heads and the personnel director within the Treasurer's office in his search for a deputy treasurer and to acquaint himself with the operation of the office. Following those discussions, Unruh interviewed each member of the staff and had them submit individual job descriptions. Upon review of the data received, Unruh decided to abolish the position of administrative assistant II. Accordingly, during an interview with Sheehy, Unruh informed her of his decision to abolish her position. Sheehy testified at the administrative hearing that it was her impression she was to be fired, and in February 1975, she resigned. The position of administrative assistant II was not again filled and was abolished June 1, 1975.

After her conference with Unruh, she testified that she was in a state of "shock" and suffered other medical problems which she attributed to Unruh's attempt to remove her from office. Subsequently on February 28, 1975, due to her illness and belief she would be terminated, she submitted her resignation to be effective March 13, 1975. On May 19, 1975, she filed a grievance with the State Personnel Board after ascertaining that the Treasurer's office gave as reasons for her resignation a "desire to stay at home."

A preliminary hearing was held by a State Personnel Board hearing officer to determine whether Sheehy had complied with Government Code section 19502. That section requires that a petition to set aside a resignation must be filed with the board within 30 days after the last date upon which services to the state are rendered. The hearing officer made a determination that she had filed her appeal within the required time. Following a hearing on the merits, the hearing officer found Sheehy's resignation not to have been her free and voluntary act but was the result of fraud, duress, mistake, and undue influence. However, upon ordering her reinstatement, the hearing officer refused to award her back pay inasmuch as her employment position had been abolished.

The State Personnel Board reversed the hearing officer's decision asserting that Sheehy, as a long-term civil service employee, must have known of her right to revert to prior permanent civil service status; consequently, her resignation was freely and voluntarily submitted.

## Timeliness of Petition to Set Aside Resignation

A review of the preliminary hearing into the question of Sheehy's compliance with Government Code section 19502 does not reveal any document which may be described as a formal petition. The hearing officer construed an employee action request form (State of California, Standard Form No. 686A) used by the state for computer payroll adjustments as the notice of appeal to the State Personnel Board. She signed that payroll form on March 27, 1975, and submitted it to the Treasurer's personnel department on that date. The form contains a notation that the resignation was requested by the State Treasurer and was not voluntary. The form did not request any relief nor did the grievance filed with the State Personnel Board.

Government Code section 19502 prescribes a specific period within which actions to set aside resignations *must* be filed. That section provides, ". . . No resignation shall be set aside on the ground that it was given or was obtained pursuant to or by reason of mistake, fraud, duress, undue influence or that for any other reason it was not the free, voluntary and binding act of the person resigning, unless a petition to set it aside is filed with the board within 30 days after the last date upon which services to the state are rendered or the date the resignation is tendered to the appointing power, whichever is later."

Sheehy's resignation was tendered on February 28, 1975, and was to be effective March 13, 1975. She was not removed from the payroll until the latter date.

As her latest employment date was March 13, any petition to set aside the resignation should have been filed no later than April 11, 1975. (See Gov. Code, § 19502.)

State Personnel Board rules require that any appeal or petition filed with the board be in writing and state the facts upon which it is based as well as the relief sought in sufficient detail to enable the board to understand the nature of the proceeding and the parties concerned. (Cal. Admin. Code, tit. 2, § 63.)

Form 686A, dated March 27, 1975, was determined by the hearing officer to satisfy the filing requirements of Government Code section 19502 and the form and content requirements of California Administrative Code, title 2, section 63.

The function of the employee action request form (Form 686A) is to effect adjustments in salary payments made by the Controller's office. The information contained in the form stating the reasons for resignation or other employment changes is used only by the personnel department of the employing agency and not by the State Personnel Board or the Controller.

The employee action request form determined to be a valid petition by the hearing officer, which finding was concurred in by the Personnel Board, was not filed with the board until its presentation as exhibit B at the preliminary hearing to determine the timeliness of Sheehy's petition for reinstatement; that hearing was held July 10, 1975.

Only two documents emanating from Ms. Sheehy were lodged with the Personnel Board. One, a letter dated January 2, 1975, which predated her resignation, was addressed to Betti Teaford, an employee of the Treasurer's office assigned to the Personnel Board. That letter predated Sheehy's letter of resignation by approximately two months. The second was a copy of a letter dated May 14, 1975, addressed to the Treasurer's office, requesting that a grievance form be forwarded to Sheehy "as soon as possible." That letter and the resulting grievance petition dated May 19, 1975, were filed more than 30 days after the expiration of the period within which petitions for appeals may be filed.

■ On this state of the record, assuming every intendment in favor of Sheehy and after applying an extremely liberal construction to each of the papers and documents lodged with the Personnel Board, it may only be concluded that a petition as required by Government Code section 19502 was not filed with the board within the requisite time.

■ Moreover, filing requirements before the State Personnel Board must be subject to the rule of strict compliance which requires that a petition or claim be disregarded if it is not timely filed. (*Collins* v. *County of Los Angeles* (1966) 241 Cal.App.2d 451, 460 [50 Cal.Rptr. 586].)

Unlike the legislative scheme for filing damage claims with the state, statutory provision has not been made for a procedure for application to the board for permission to file a late petition. (Compare Gov. Code, § 911.4.)

■ We are reviewing an adjudicatory proceeding of the State Personnel Board which is a constitutional agency in the State of

California. As such the substantial evidence rule applies to review of the findings of that board. (See *Strumsky* v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28, 34-36 [112 Cal.Rptr. 805, 520 P.2d 29].)

The true test of review has been described to be " '. . . *The review is to be limited to considerations of whether the board exceeded its jurisdiction, committed errors of law, abused its discretion, or made findings unsupported by substantial evidence.* [Citations.]' " (Italics added.) (*Wilson* v. *State Personnel Bd.* (1976) 58 Cal.App.3d 865, 870 [130 Cal.Rptr. 292].)

■ Applying that standard of review to the record, we conclude that the finding that Form No. 686A sufficed to satisfy the filing requirements of Government Code section 19502 is not supported by substantial evidence or by any evidence.

The foregoing reasons and our conclusion that the order be reversed obviates the necessity of consideration of the remaining contentions. The parties shall bear their own costs.

The order is reversed.

Regan, Acting P. J., concurred.

**REYNOSO, J.**—I dissent. The majority consider the issue of timeliness dispositive. However, that issue was raised by neither party. At oral argument the Attorney General specifically stated that timeliness of Sheehy's petition was not an issue on appeal. An issue not urged on appeal is deemed waived. (*Case* v. *City of Los Angeles* (1963) 218 Cal.App.2d 36, 42 [32 Cal.Rptr. 271]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 425, pp. 4391-4393.)

While this court has inherent power to consider all issues, even those not urged on appeal, such power is exercised with restraint and principally when the fair administration of justice so demands. (*Brown* v. *Southern California Edison Co.* (1932) 120 Cal.App. 102, 110 [7 P.2d 770].) No reason compels our departure from established procedure. The structure of state government will not fall if we permit this state employee, Sheehy, to continue in her state employment. In fact, justice would appear to be on her side. The majority, on a technicality not raised by the parties, conclude otherwise.

## 1. *Timeliness of Petition*

We deal with legislative intent. I conclude that Government Code section 19502 was meant by the Legislature to be directory. In the context of this case, it does not impose on the personnel board the duty to dismiss the petition.

The majority take a different and, in my view, erroneous tack. They cite *Collins* v. *County of Los Angeles* (1966) 241 Cal.App.2d 451 [50 Cal.Rptr. 586], for the proposition that the Legislature imposed strict compliance with its 30-day time limitation by the enactment of Government Code section 19502. *Collins* is of little help. There, a complaint was filed against the county for damages based on false arrest and imprisonment by a deputy sheriff. The action was dismissed because plaintiff failed to comply with the time limitation then required by section 715 of the Government Code. *Collins* involved a suit for money damages and a statute akin to a statute of limitations. Under such circumstances the court may properly say, as the majority state, that a rule of "strict compliance" is required.

We deal with a very different sort of statute. Unlike the statute discussed in *Collins,* Government Code section 19502 is not mandatory. Rather, it recognizes a public policy in favor of the prompt resolution of disputes. The policy is manifestly important when dealing with an individual's employment. I believe section 19502 was enacted to secure the orderly conduct of business, and such statutes are merely directory. (See *Skelly Estate Co.* v. *San Francisco* (1937) 9 Cal.2d 28, 33 [69 P.2d 171]; see also, *Beaida* v. *Workmen's Comp.App.Bd.* (1968) 263 Cal.App.2d 204, 209-210 [69 Cal.Rptr. 516]; see generally, *Morris* v. *County of Marin* (1977) 18 Cal.3d 901, 908-910 [136 Cal.Rptr. 251, 559 P.2d 606].) In fact, the Attorney General correctly conceded at oral argument that these procedural rules are to be interpreted liberally in favor of the employee and in favor of reaching the merits.

Finally, I believe the statute was tolled during the period between the time the agency began processing plaintiff's resignation and the final notice to her. Up to the time of the final notification plaintiff could reasonably have believed that reinstatement was possible. Let us look at the facts of this case. After her meeting with Unruh, Sheehy's reaction was of panic and shock, together with "searching for some way to retain my . . . civil service career." She contacted her California State Employees Association representative who assured her that legal action would

be taken. The Treasurer's office did not process the Sheehy documents until April 23, 1975. Formal notice from the Treasurer's office was not received by Sheehy until approximately May 10, 1975. Mrs. Sheehy immediately responded with her protest dated May 14. The May 10 letter was the first formal response to the employee action request signed on February 27, two-and-one-half months prior. On the basis of these facts it is not unreasonable for the personnel board to conclude that the requirements of Government Code section 19502 were tolled. By that statute the Legislature could not have intended that a state employee, who acted reasonably and promptly, would be precluded from asserting her claim on the ground of the limitation period.

## 2. *Review of the Evidence*

The findings of the board are not supported by substantial evidence. The State Personnel Board is a "statewide administrative agency which derives adjudicating power from the Constitution [and its factual determinations] are not subject to re-examination in a trial de novo but are to be upheld by a reviewing court if they are supported by substantial evidence. [Citations.]" (*Shepherd* v. *State Personnel Board* (1957) 48 Cal.2d 41, 46 [307 P.2d 4].) However, we deal with a fundamental vested right to gainful employment. The fact that a fundamental right is involved compels a reviewing court to view the record with circumspection. It is not enough to rely on "any" evidence, the reviewing court must look at substantial evidence "in light of the whole record" (*Lorimore* v. *State Personnel Board* (1965) 232 Cal.App.2d 183, 186 [42 Cal.Rptr. 640]) and may take into account evidence which detracts from the weight of other evidence. (*People* v. *Bassett* (1968) 69 Cal.2d 122, 138 [70 Cal.Rptr. 193, 443 P.2d 777].)

The board found that "Sheehy must have known she did not have to resign." I find absolutely no evidence in the record to sustain that finding. Based on that initial finding the board concludes that her resignation was free and voluntary. Nothing in the record so indicates. "Where findings are devoid of evidentiary support, or are based upon inferences arbitrarily drawn and without reasonable foundation, or are contrary to facts universally accepted as true and judicially known, the administrative order will be reversed as not being supported by substantial evidence in light of the whole record." (*Lorimore* v. *State Personnel Board, supra,* 232 Cal.App.2d at p. 187.)

Of interest is that the board's related findings appear to be inconsistent with that free and voluntary resignation finding. Thus, the board found that Mrs. Sheehy thought she was being asked to resign. It also found that she did not want to leave state service but was resigning at the request of the State Treasurer. Such findings of fact, substantiated in the record, provide the basis for reinstatement inasmuch the resignation was not free, voluntary and binding. Those findings lead to the conclusion that Mrs. Sheehy resigned under mistake or duress.

### 3. *Award of Back Salary*

The personnel board's determination that Mrs. Sheehy was not entitled to back salary was erroneous. Government Code section 19502 provides that, "[I]n the event a resignation is set aside pursuant to this section, the person resigning *shall be reinstated* to his former position *and paid* his salary for the period he was removed from state service as the result of such resignation. From any salary due there shall be deducted compensation that the employee earned, or might reasonably have earned, during any period commencing more than six months after the initial date of resignation." (Italics added.) Contrary to the contention of the personnel board, the use of the word "shall" permits no other interpretation than that the reinstated employee must be paid the salary that would have accrued had the employment continued. An employee who is improperly discharged has the right to recover the accrued salary during the period he is prevented from performing his duties, less the amount received from other employment during that period. (See *Stockton* v. *Department of Employment* (1944) 25 Cal.2d 264, 271 [153 P.2d 741].)

There was nothing improper in the abolition of the position of administrative assistant by Unruh. Unruh properly investigated before determining to abolish the position. (See *Peradotto* v. *State Personnel Board* (1972) 25 Cal.App.3d 30, 36 [101 Cal.Rptr. 595].) Under the state civil service system, members of the system have the right to have layoffs made in accordance with seniority (Gov. Code, § 19533) and have the right to accept a demotion to a class with substantially the same or lower salary in lieu of the layoff. (Gov. Code, § 19535.) Therefore, when the position of administrative assistant was abolished, Sheehy had the right to be employed in her lower civil service class.

I would affirm the judgment of the trial court directing the board to reconsider its decision. I would reverse the order refusing Sheehy her back salary and direct that the board hold hearings to determine whether

Sheehy had income from any outside source during this period and whether she would be willing to work for the state at her lower state civil service capacity.

A petition for a rehearing was denied September 12, 1978. Reynoso, J., was of the opinion that the petition should be granted. The petition of the plaintiff and appellant for a hearing by the Supreme Court was denied October 12, 1978. Bird, C. J., did not participate therein.