[Civ. No. 23924. Third Dist. Jan. 29, 1985.]

PRISCILLA J. BIDWELL, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA ex rel.
DEPARTMENT OF YOUTH AUTHORITY et al.,
Defendants and Respondents.

COUNSEL

Bernard L. Allamano, Gary P. Reynolds, Jeffrey Fine and Bradley G. Booth for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, Faith J. Geoghegan, Deputy Attorney General, Christine A. Bologna, Tamara J. Pierson, Richard A. Krimen, George S. Bjornsen, Paul Klein and Robert Nelsen for Defendants and Respondents.

OPINION

EVANS, Acting P. J.—Priscilla Bidwell (plaintiff) appeals from a judgment denying her petition for a writ of mandate. We affirm.

### FACTS

Plaintiff was employed by defendant, California Youth Authority (CYA), as a teacher at the Karl Holton School in Stockton from February 1970 through April 15, 1981. On March 4, 1981, four days after plaintiff received notice that she would be reassigned to another position, she went on "sick leave." On March 18, 1981, plaintiff's supervisor at the school submitted a report to defendant State Compensation Insurance Fund (CIF) for processing as part of plaintiff's claim for workers' compensation.

On April 7, 1981, plaintiff, while still on sick leave, informed CYA that she was no longer able to perform her job duties due to her medical condition. Plaintiff was informed by CYA that she should resign; she did so, stating her reasons were "personal." Plaintiff selected a resignation date effective April 15, 1981.

On April 24, 1981, plaintiff's claim for workers' compensation was approved by CIF, and she began to receive temporary disability benefits. Thereafter, her entitlement to industrial disability leave (IDL) was brought

to the attention of CYA, which authorized plaintiff to receive IDL benefits retroactive from March 4, 1981 through April 15, 1981.

In July 1981, plaintiff wrote to CYA and asked that her file be changed to designate "medical reasons" as the basis for her resignation. CYA granted her request.

In August 1981, plaintiff again wrote to CYA, this time requesting her resignation be changed to a "leave of absence." That request was denied by CYA in December 1981. On December 31, 1981, plaintiff appealed to defendant Department of Personnel Administration (DPA) to set aside her resignation. DPA dismissed the petition as untimely due to plaintiff's eight-month delay in seeking to set aside her resignation.

On January 20, 1982, a workers' compensation judge determined plaintiff had sustained injury arising out of and in the course of her employment beginning January 15, 1981, and continuing to the present. The decision stated plaintiff was entitled to temporary disability compensation commencing April 16, 1981, to the present and continuing.[1]

Plaintiff later requested CIF to continue her IDL benefits, in lieu of workers' compensation temporary disability benefits, for the period commencing April 16, 1981. CIF denied the request on the basis that plaintiff's resignation from state service made her ineligible to continue to receive IDL benefits.

In October 1982, plaintiff filed a petition for writ of mandate seeking, inter alia, (1) to set aside her resignation and reinstatement to her position with CYA, and (2) a determination that she was entitled to continuing IDL benefits notwithstanding her resignation from state service. DPA demurred to that part of the petition seeking reinstatement to employment. DPA asserted that as plaintiff had not moved to set aside her resignation within 30 days after the resignation was effective, DPA had no authority to reinstate plaintiff to her position with CYA. The trial court agreed and sustained the demurrer without leave to amend.

The trial court took under submission that part of the petition by which plaintiff sought to receive IDL benefits for the period commencing after her April 15, 1981, resignation. Following hearing and argument, the trial court ruled that a state employee who resigns while receiving IDL benefits forfeits

---

[1]The parties stipulated that temporary disability benefits had been paid in the form of IDL benefits from March 3, 1981, through April 14, 1981.

the remaining benefits available, and that plaintiff was not entitled to any IDL benefits following her resignation. Plaintiff appeals.

DISCUSSION

I

Plaintiff asserts the provisions of Government Code section 19996.1 are directory only and that her failure to file a petition to set aside her resignation within 30 days after resigning did not deprive DPA from considering the merits of her petition.[2] We disagree.

Government Code section 19996.1 (hereafter all references to unspecified code are to the Government Code unless otherwise indicated) prescribes a specific period within which a petition to set aside a resignation must be filed. This section states: ". . . No resignation shall be set aside on the ground that it was given or obtained pursuant to or by reason of mistake, fraud, duress, undue influence or that for any other reason it was not the free, voluntary and binding act of the person resigning, unless a petition to set it aside is filed with the department within 30 days after the last date upon which services to the state are rendered or the date the resignation is tendered to the appointing power, whichever is later."

Plaintiff's resignation was effective April 15, 1981. Since her last employment date was April 15th, any petition to set aside her resignation must have been filed no later than May 13, 1981. (§ 19996.1.) Plaintiff, however, did not request CYA to set aside her resignation until August 22, 1981, and did not contact DPA about setting aside her resignation until December 1981. Because plaintiff failed to file a timely petition to set aside her resignation, it must be held DPA was without the authority to consider her petition.

In *Sheehy* v. *State Personnel Bd.* (1978) 83 Cal.App.3d 907 [148 Cal.Rptr. 230], this court, finding the language of the section to be unwavering, held the 30-day period then contained in section 19502[3] is mandatory.

---

[2]Exhibits presented in the court below demonstrate plaintiff seeks to withdraw her resignation in order or to place herself back in compensated employment with the state, thus entitling her to receive IDL benefits. The question whether a state employee who subsequently resigns from state service may continue to receive IDL benefits is addressed in part II of this opinion.

[3]Section 19996.1 replaced former section 19502. The change followed the transfer of jurisdiction and accompanying duties from the State Personnel Board to the DPA. (Stats. 1981, ch. 230, § 55, p. 1222.) The language in sections 19502 and 19996.1 is identical except for the identity of the administering agency.

(*Id.*, at pp. 911-913.) Plaintiff candidly asks this court to reconsider *Sheehy* and reach the conclusion that the provisions of section 19996.1 are directory only, and that a failure to file a petition to set aside a resignation within 30 days is not fatal. We have considered plaintiff's arguments and conclude nothing therein warrants a departure from *Sheehy*. The language of section 19996.1 is precise and complete. It contains no words which can be interpreted as directory or as giving DPA any discretion to extend the 30-day period. Nor does the language imply any exceptions.

■ Plaintiff asserts the 30-day period of section 19996.1 may be tolled during a period of "incapacity" pursuant to the provisions of Code of Civil Procedure section 352. Plaintiff claims she suffered from a "mental incapacity" during the period surrounding her resignation, and for that reason the 30-day period should have been tolled. We disagree.

A similar claim was made in *Sheehy*. There, the petition was found untimely despite claims by the employee of "shock" and "other medical problems" which she attributed to her employer's attempt to remove her from office. (83 Cal.App.3d at p. 910.) Plaintiff's claim, like that asserted in *Sheehy*, is unavailing. The clear language of the statute specifically includes within the 30-day period resignations given or obtained by "mistake, fraud, duress, undue influence or that for any other reason it was not the free, voluntary and binding act of the person resigning, . . ." In other words, the Legislature has set forth an ironclad statute of limitations regarding the period within which an employee must move to set aside a resignation. Regardless of the reason or excuse claimed by the employee, the fact remains the petition must be filed within 30 days. Code of Civil Procedure section 352 has no application in the instant case.

■ Finally, plaintiff argues DPA should be estopped from asserting plaintiff's noncompliance with the time limitations of section 19996.1 because neither DPA nor CYA informed plaintiff at the time she resigned of the options available to her in lieu of resignation, such as requesting a leave of absence.

Plaintiff's claim of estoppel fails for numerous reasons, not the least of which is that plaintiff has failed to cite to any statute or policy which imposes upon any of the defendants in this action the affirmative duty to inform an employee, who states that she is unable to perform her assigned employment tasks, of the options available in lieu of resignation. More importantly, the provisions of section 19996.1 state clearly that even a deliberate misrepresentation (i.e., fraud) does not toll the 30-day period; a fortiori, an

innocent or negligent misrepresentation, upon which estoppel is based, cannot be held to toll the 30-day period.

In summary, we conclude the time limitation set forth in section 19996.1 is mandatory. Plaintiff's failure to move to set aside her resignation within 30 days after the effective date of her resignation precludes her from now seeking to do so.

II

We turn to the second issue presented on appeal—whether a state employee eligible to receive IDL benefits forfeits those benefits when he or she resigns from state employment. The issue appears to be one of first impression.

Here, plaintiff went on sick leave commencing March 4, 1981. In light of the subsequent determination by the workers' compensation judge that plaintiff was temporarily disabled at the time she commenced her sick leave, she was retroactively awarded IDL benefits from March 4, 1981, through the date of her resignation, April 15, 1981. Thereafter, plaintiff commenced receiving workers' compensation temporary disability benefits, and continued to receive these benefits up to the time of trial.

The relevant provisions of the Government Code which concern IDL benefits are found in sections 19869-19877.1. Section 19871 states in relevant part: "(a) When a state officer or employee is temporarily disabled by illness or injury arising out of and in the course of state employment, he or she shall become entitled, regardless of his or her period of service, to receive industrial disability leave and payments, in lieu of workers' compensation temporary disability payments and payments under Section 19863, for a period not exceeding 52 weeks within two years from the first day of disability."

Section 19869 states: "This article applies to state officers and employees who are members of the Public Employees' Retirement System or the State Teachers' Retirement System in compensated employment on and after the effective date of this article and to state officers and employees, whether or not members of such systems, who are employees of the Legislature and are not members of the civil service."

Defendants argue that a state employee, in order to receive IDL benefits, must not only be a member of the appropriate retirement system in compensated employment at the time of injury or illness, but that the employ-

ment status continue throughout the period for which such benefits are available. Defendants assert plaintiff's right to IDL benefits terminated when plaintiff terminated her employment with the state.

Plaintiff contends the foregoing provisions require that a state employee only be a member of the appropriate retirement system in compensated employment *at the time of* injury or illness to qualify for IDL benefits, and that a subsequent resignation from employment should not result in a forfeiture of the right to receive the benefits. She asserts that, notwithstanding her resignation from state service, she should be entitled to IDL benefits for the entire 52-week period within 2 years of her disability. Plaintiff further argues it is contradictory to assert an employee has to be in compensated employment to receive IDL benefits, when, in fact, an employee receiving IDL benefits is no longer in compensated employment.

We do not find plaintiff's argument persuasive. Our conclusion is supported by section 19871, which refers to the method of payment of IDL benefits. This section first provides that IDL benefits shall not be paid for more than 52 weeks within 2 years from the first day of disability. More importantly, section 19871 directs that during the period in which IDL benefits are paid, employee "[c]ontributions to the [appropriate retirement system] shall be deducted" and that "[s]tate employer contribution to the [appropriate retirement system] shall be made . . . ." Obviously, section 19871 contemplates the employee remain in the appropriate retirement system in compensated employment with the state during the time when IDL benefits are received. After all, once an employee resigns from state service, neither the employee nor the employer continue to make payments to the applicable retirement system for that employee's account. Thus, when sections 19871 and 19869 are read together, it is clear that not only must the employee be in the appropriate retirement system in compensated employment at the time IDL benefits begin, but that the employee remain in compensated employment throughout the period for which IDL benefits are available.

This conclusion is reinforced by the provisions of section 19871.1. Pursuant to this section, an employee, while receiving IDL benefits, continues to receive "all employee benefits which he or she would have received had he or she not incurred disability." A resignation, on the other hand, constitutes a permanent severance from state employment. An employee who has resigned from state employment no longer receives such employee benefits. Once again, the relevant provisions of the Government Code which pertain to IDL benefits, when read in context with each other, manifest the

intent that IDL benefits are contingent upon continued compensated employment with the state.

We note further that Labor Code section 4850[4] provides for a one year's leave of absence with full pay for public safety officers who are injured in the course of their employment. This special benefit for public safety employees appears analogous to IDL benefits established for state employees pursuant to section 19871. It has been held the benefits extended to safety officers under Labor Code section 4850 terminate upon separation from employment. (*State Compensation Ins. Fund* v. *Workmen's Comp. Appeals Bd.* (1972) 26 Cal.App.3d 200, 204 [103 Cal.Rptr. 29]; *Eason* v. *City of Riverside* (1965) 233 Cal.App.2d 190, 194-195 [43 Cal.Rptr. 408].) By analogy, the same analysis should apply to IDL benefits. It appears the reason for both special benefits is an inducement to remain in state service following the termination of disability. (See *Eason* v. *City of Riverside, supra,* 233 Cal.App.2d at p. 193; § 19876, subd. (a).) However, once an employee has resigned from state service, the inducement for remaining in state compensation employment is eliminated; the same rationale is applicable to the benefits which attach to state employment.

Plaintiff relies on section 19996.1, subdivision (a), which states in part: "A resignation, except as provided in this section, does not jeopardize any rights and privileges of the employee except those pertaining to the position from which he or she resigns." Plaintiff argues this statute entitles her to receive IDL benefits after her resignation. We disagree. The point missed by plaintiff is her erroneous assumption that IDL benefits do not pertain to the position from which she resigned. In actuality, IDL benefits are contingent upon continued membership in the appropriate retirement system in compensated state employment. We are compelled to conclude that IDL benefits pertain to state employment and are forfeited upon resignation from state service.

In this regard IDL benefits are analogous to sick leave benefits. In effect, both are designed to provide compensation to an employee who because of

___

[4]Labor Code section 4850 states in relevant part: "Whenever any city policeman, . . . city fireman, county fireman, fireman of any fire district, sheriff or any officer or employee of a sheriff's office, any inspector, investigator, detective, or personnel with comparable title in any district attorney's office, or lifeguard employed year round on a regular full-time basis by a county of the first class, who is a member of the Public Employees' Retirement System or subject to the County Employees Retirement Law of 1937 . . . is disabled, whether temporarily or permanently, by injury or illness arising out of and in the course of his or her duties, he or she shall become entitled, regardless of his or her period of service with the city, county, or district, to leave of absence while so disabled without loss of salary in lieu of temporary disability payments, if any, which would be payable under this chapter, for the period of the disability, but not exceeding one year, or until such earlier date as he or she is retired on permanent disability pension, . . ."

illness or injury is unable to perform his assigned work tasks. Generally, upon termination of employment, an employee forfeits unused sick leave. (26 Ops.Cal.Atty.Gen. 107, 108 (1955).) Nothing within the relevant provisions of the Government Code suggests a different result should apply to IDL benefits.

In the final analysis, entitlement to IDL benefits in lieu of workers' compensation temporary disability payments arises solely by virtue of the fact that the employee is a member of the appropriate retirement system in compensated employment at the time of injury or illness. By the same token, the right to continuing IDL benefits is contingent upon continued state employment status. When plaintiff resigned from state employment, she relinquished her right to continued IDL benefits. We note that by ruling plaintiff ineligible for continued IDL benefits due to her termination of state employment, the trial court did no more than acknowledge that plaintiff's resignation placed her among the ranks of nonstate employees who are ineligible for IDL benefits.

The judgment is affirmed.

Carr, J., and Sims, J., concurred.