[No. D026856. Fourth Dist., Div. One. Oct. 22, 1997.]

MICHAEL LUCAS, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA et al., Defendants and Respondents.

## COUNSEL

Richard M. Radosh for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Silvia Diaz and David M. Tiede, Deputy Attorneys General, for Defendants and Respondents.

## OPINION

**KREMER, P. J.**—Plaintiff Michael Lucas appeals a judgment dismissing his lawsuit against defendants State of California, Jose Fernandez, Joseph Cottingham, and C. Lance Barnett (together State) after the superior court sustained without leave to amend the State's demurrer to his complaint for federal civil rights violation, wrongful termination, and writ of mandate. Concluding Lucas's complaint alleged facts sufficient to constitute causes of action, we reverse the judgment.

### I

### INTRODUCTION

The State notified Lucas his civil service employment was terminated for cause. Lucas appealed to the State Personnel Board (SPB). While awaiting hearing before the SPB, Lucas applied for and obtained service retirement from the Public Employees' Retirement System (PERS). On the date scheduled for the SPB hearing, the State withdrew its disciplinary action against Lucas. Asserting such withdrawal effectively reinstated him to his position,

Lucas unsuccessfully sought reinstatement from the State Department of Personnel Administration (Personnel Administration). Lucas then requested a SPB hearing to clear his name and reinstate him. Claiming lack of jurisdiction, the SPB declined.

Lucas filed this lawsuit seeking reinstatement to his former position and damages. Concluding Lucas voluntarily resigned from his job by obtaining service retirement and did not timely seek reinstatement, the superior court sustained the State's demurrer without leave to amend. However, since Lucas adequately pleaded claims against the State under applicable statutes, we conclude the court erred in sustaining the State's demurrer. Specifically, as we shall explain for purposes of surviving demurrer, the facts pleaded by Lucas were sufficient to establish that (1) Lucas was separated involuntarily from state service by dismissal; (2) during pendency of his appeal to the SPB, Lucas sought and obtained service retirement; (3) Lucas's service retirement after involuntary termination did not constitute resignation from service; (4) before the SPB hearing, the State withdrew its disciplinary action against Lucas; and (5) upon withdrawal of the State's disciplinary action, Lucas's involuntary separation from service ceased and he was entitled to reinstatement to his position subject to compliance with applicable PERS requirements.

## II

### FACTS

For purposes of determining the propriety of the order sustaining the State's demurrer, we state the facts alleged by Lucas and matters judicially noticed by the superior court. (*Phillips* v. *Desert Hospital Dist.* (1989) 49 Cal.3d 699, 702 [263 Cal.Rptr. 119, 780 P.2d 349]; *Frommhagen* v. *Board of Supervisors* (1987) 197 Cal.App.3d 1292, 1299 [243 Cal.Rptr. 390].)

Lucas was a permanent civil service employee of the Bureau of Automotive Repair (Bureau) of the State's Department of Consumer Affairs (Consumer Affairs). Barnett was Consumer Affairs' chief deputy director. Bureau managers Fernandez and Cottingham were Lucas's supervisors.

In 1994 Fernandez told Lucas that Fernandez was assigning employee Franke to work for Fernandez under Fernandez's supervision in an under- cover operation. Fernandez told Lucas that Lucas would not be responsible for supervising Franke during such assignment and would not have any supervisory duties in the operation. Fernandez entrusted Franke with cash for the undercover operation but did not supervise its use. Franke embezzled

$2,000. Upon discovery of Franke's embezzlement, Fernandez and Cottingham made knowingly false accusations that Lucas stole the money and that Lucas failed to supervise Franke. An internal investigation revealed that Lucas was factually innocent of all charges and that Franke was guilty of embezzlement.

On March 10, 1995, instead of taking criminal, civil or administrative action against Franke, the State served Lucas with a notice of adverse action terminating his employment for cause effective March 17, 1995. The State knew the charges in the notice of adverse action were false and inadequate to support Lucas's termination from state employment. State employees Fernandez, Cottingham and Barnett also knew that Lucas's wife was in poor health, Lucas could not afford loss of his total income and medical insurance during pendency of administrative proceedings, and Lucas would be forced to retire or resign to keep his medical insurance and avoid total loss of income.

Upon receiving the State's notice of adverse action, Lucas immediately requested a pretermination *Skelly*[1] hearing and filed an appeal with the SPB. The State did not provide Lucas with a *Skelly* hearing before the effective date of his employment termination.

On April 11, 1995, while his SPB appeal was pending, Lucas applied for service retirement under the Public Employees' Retirement Law solely to mitigate damages and avoid losing his and his wife's medical insurance coverage. PERS staff assured Lucas his retirement could and would be set aside if his SPB appeal succeeded. PERS staff also assured Lucas such actions were routine.

On June 5, 1995, the date set for hearing of Lucas's SPB appeal, Consumer Affairs unilaterally withdrew the notice of adverse action and all charges against Lucas.

On June 8, 1995, Lucas wrote to Personnel Administration requesting reinstatement, asserting that withdrawal of the adverse action at the SPB administrative hearing effectively reinstated him under former Government Code[2] section 21101.5, now renumbered as section 21198. When the State refused to reinstate Lucas to his job, Lucas requested a hearing to clear his name and reinstate him. Denying Lucas's request, the SPB stated it lacked jurisdiction to hold a hearing or reinstate Lucas since there was no longer any action pending before the SPB. The SPB stated only the appointing power could reinstate Lucas to his job.

---

[1] *Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774].

[2] All statutory references are to the Government Code unless otherwise specified.

On June 15, 1995, the SPB notified Lucas his appeal of his dismissal from employment was closed because Consumer Affairs had withdrawn the adverse action against him.

## III

### SUPERIOR COURT PROCEEDINGS

### A

### *Lucas's Pleadings*

On January 10, 1996, Lucas filed this lawsuit.

Lucas's cause of action for federal civil rights violation alleged the State infringed upon his due process rights by denying him an opportunity to be heard and by depriving him of his civil service employment without cause; and the State acted under color of law to deprive him of liberty and property without due process by terminating his employment based on false charges without good cause, not affording him a pretermination hearing or posttermination hearing, and refusing to reinstate him to his job.

Lucas's cause of action for wrongful termination alleged the State's conduct violated fundamental public policy that public employees be terminated only for just cause and with due process.[3]

Lucas's cause of action for writ of mandate under Code of Civil Procedure section 1085 alleged the State acted without authority by wrongfully using civil service termination procedures to terminate his employment and refusing to reinstate him upon withdrawing the notice of adverse action; upon withdrawing all charges against him, the State had a clear, present, ministerial duty enjoined by law to reinstate him to his job; and the State should be estopped from asserting his service retirement as a bar to reinstating him since the State acted wrongfully/fraudulently to induce his retirement and reinstatement would not harm any public policy.

---

[3]As a ground for demurrer to Lucas's pleaded cause of action for wrongful termination, the State asserted that "to the extent it alleges the tort of wrongful termination on the basis of violation of Government Code section 19572, California and the U.S. Constitution, [such claim] fails to articulate a fundamental public policy which inures to the benefit of the public, rather than plaintiff." However, in sustaining the State's demurrer on other grounds, the superior court did not reach the issue whether Lucas adequately pleaded a violation of public policy. Further, the State's appellate brief did not address that issue. Hence, we do not reach the issue whether Lucas has adequately pleaded a discharge in violation of public policy. Moreover, nothing in our opinion should be construed as expressing any view on that issue. Instead, the matter may be decided in the future by the superior court under an appropriate procedure such as motion for judgment on the pleadings.

Lucas's complaint asked the court to enjoin the State from further due process violations against him, grant equitable relief including reinstatement to his former position, and award damages. Lucas's complaint also sought a writ of mandate ordering the State to set aside his retirement and reinstate him to his employment.

B

*State's Demurrer*

The State demurred to Lucas's complaint on various grounds including failure to state facts sufficient to constitute a cause of action since Lucas's alleged harm was assertedly caused not by the State but instead by Lucas's voluntary retirement.

In May 1996 the State's demurrer to Lucas's complaint came for hearing. As requested by the State, the superior court judicially noticed the State's notice of adverse action, Lucas's application to PERS for service retirement, Lucas's letter to personnel administration requesting reinstatement, and the SPB's letter about withdrawal of the adverse action.

After hearing, the superior court sustained the State's demurrer to Lucas's entire complaint without leave to amend. Citing *Coleman* v. *Department of Personnel Administration* (1991) 52 Cal.3d 1102 [278 Cal.Rptr. 346, 805 P.2d 300] and *Pyne* v. *Meese* (1985) 172 Cal.App.3d 392 [218 Cal.Rptr. 87], the court concluded that Lucas's "voluntary retirement" before the SPB hearing "terminated" his "property interest in the procedural safeguards afforded to him under" *Skelly*. The court also concluded: "Therefore, [Lucas's] request for reinstatement was untimely under Govt Code § 19996.1 and *Bidwell* v. *State of Calif[ornia* ex rel. *Dept. of Youth Authority*] (1985) 164 Cal.App.3d 213 [210 Cal.Rptr. 381]."[4] The court entered judgment dismissing Lucas's lawsuit.

Lucas appeals.

IV

DISCUSSION

 The facts alleged by Lucas were sufficient to plead claims against the State under the governing statutory scheme. For purposes of disciplinary

---

[4]In *Bidwell* v. *State of California* ex rel. *Dept. of Youth Authority* (1985) 164 Cal.App.3d 213, 218-219 [210 Cal.Rptr. 381], the appellate court deemed mandatory the 30-day limitations period contained in section 19996.1 for petitioning to set aside a resignation.

proceedings involving separation from service, the State's dismissal of Lucas was an "adverse action." (§ 19570.)[5] Lucas was thus separated from service by involuntary termination. After such involuntary separation from service and pending hearing on his SPB appeal, Lucas sought and obtained service retirement benefits. Before the SPB hearing, the State withdrew its adverse action against Lucas. (§ 19579.)[6] Upon the State's withdrawal of the adverse action, Lucas was no longer separated from service by involuntary termination. Thus, Lucas pleaded facts that could establish the withdrawal effectively entitled Lucas to reinstatement to his former position unless such right was extinguished by Lucas's service retirement in the interim.

The State contends the superior court correctly determined Lucas's service retirement constituted resignation from employment and Lucas did not timely seek reinstatement from such resignation. (§ 19996.1.)[7] However, in light of the statutes governing separation from service, the court's determination was not consonant with the facts pleaded by Lucas. Specifically, section 19140, subdivision (a), expressly distinguishes separation from a civil service position by resignation and separation by service retirement.[8] Similarly, section 19996 expressly distinguishes among separations from service by resignation, removal for cause, and retirement.[9] We thus conclude that since Lucas sought and obtained service retirement benefits only after

---

[5]Section 19570 defines " 'adverse action' " to mean "dismissal, demotion, suspension, or other disciplinary action."

[6]Section 19579 provides: "Failure of either party (the employee, the employer, or their representatives) to proceed at the hearing shall be deemed a withdrawal of the action or appeal, unless the hearing is continued by mutual agreement of the parties, or upon showing of good cause."

[7]Section 19996.1, a Personnel Administration statute involving separation from service, provides in relevant part: "(a) Resignations from the state civil service are subject to department [Department of Personnel Administration] rules. . . . No resignation shall be set aside on the ground that it was given or obtained pursuant to or by reason of mistake, fraud, duress, undue influence or that for any other reason it was not the free, voluntary and binding act of the person resigning, unless a petition to set it aside is filed with the department within 30 days after the last date upon which services to the state are rendered or the date the resignation is tendered to the appointing power, whichever is later. In the event a resignation is set aside pursuant to this section, the person resigning shall be reinstated to his or her former position and paid his or her salary for the period he or she was removed from state service as the result of such resignation. . . ."

[8]Subdivision (a) of section 19140, a civil service statute, provides in relevant part that ". . . an appointing power may, in his or her discretion, reinstate any person having . . . permanent status who was separated from his or her position (1) *by resignation*, (2) *by service retirement*, (3) by termination from limited-term, temporary, career executive assignment, or exempt appointment, (4) under Section 19996.2 [absence without leave as automatic resignation], or (5) without a break in continuity of state service to accept another civil service or exempt appointment." (Italics added.)

[9]Section 19996, a Personnel Administration statute, provides: "The tenure of every permanent employee holding a position is during good behavior. Any such employee may be temporarily separated from the state civil service through layoff, leave of absence, or

he was already separated from service by removal for cause (involuntary termination), his service retirement did not constitute a separation from service by resignation.[10] Further, because Lucas was not separated from service by resignation, service retirement or other ground specified in section 19140, subdivision (a), we must also reject the State's attempt to deny Lucas reinstatement by invoking the appointing power's discretion mentioned in that statute.

Our conclusions are consistent with portions of the Public Employees' Retirement Law governing reinstatement from retirement of persons retired for service after involuntary termination and later reinstated to employment. (§ 21198; see also § 21220, subd. (a).)[11] Although not precisely applicable because there was no administrative or judicial determination reinstating Lucas to employment, section 21198 is instructive as expressly contemplating a situation involving reinstatement to civil service employment of a person retired for service after involuntary employment termination.

In sum, Lucas retired for service after the State involuntarily terminated his employment by dismissal for asserted cause. Once the State withdrew its disciplinary action before the SPB, Lucas continued seeking reinstatement to his former position. The State rejected Lucas's request for reinstatement. However, since the State's withdrawal of its disciplinary action foreclosed

---

suspension, permanently separated through *resignation* or *removal for cause*, or permanently or temporarily separated through *retirement* or terminated for medical reasons under the provisions of Section 19253.5." (Italics added.)

[10] Citing *Coleman* v. *Department of Personnel Administration, supra,* 52 Cal.3d 1102, and *Pyne* v. *Meese, supra,* 172 Cal.App.3d 392, the superior court concluded Lucas did not have any "property interest in the procedural safeguards afforded to him under" *Skelly* because of his "voluntary retirement" tantamount to resignation before the SPB hearing. However, the court's reliance on those cases is inapposite since Lucas did not "resign" from his employment.

[11] Section 21198 provides: *"A person who has been retired under this system for service following an involuntary termination of his or her employment, and who is subsequently reinstated to that employment pursuant to an administrative or judicial proceeding, shall be reinstated from retirement. . . .* Reinstatement shall be effective as of the date from which salary is awarded in the administrative or judicial proceedings, and his or her rights and obligations shall be as specified in this article. However, amounts paid to the person during retirement for any period after the date from which salary is awarded, shall be repaid by him or her to this system, and contributions shall be made for any period for which salary is awarded in the administrative or judicial proceedings in the amount that he or she would have contributed had his or her employment not been terminated, and he or she shall receive credit as state service for the period for which salary is awarded." (Italics added.)

Section 21220, subdivision (a), provides in relevant part: "A person who has been retired under this system, for service . . . shall not be employed in any capacity thereafter by the state . . . unless he or she has first been reinstated from retirement pursuant to this chapter . . . ."

Lucas from pursuing an administrative determination reinstating his employment, Lucas has by this lawsuit properly sought a judicial order of employment reinstatement. Such order would also form the basis for his reinstatement from retirement under section 21198.

Hence, since Lucas's complaint adequately pleaded facts entitling him to relief against the State under the governing statutes, we conclude the superior court erred in sustaining the State's demurrer. Determination whether Lucas can prove the alleged facts and overcome any defenses interposed by the State awaits another day.

### DISPOSITION

The judgment is reversed. Lucas shall have costs on appeal.

Huffman, J., and Haller, J., concurred.